## HARMSEN v. FIZZELL.

### ON REHEARING.

1. INFANTS—ABANDONMENT BY PARENT OR GUARDIAN—JURISDICTION OF PROBATE COURT.

   The probate court would be vested with jurisdiction as to minor children whose parents or guardian are alleged to have abandoned them or who were otherwise without proper custody or guardianship (Const 1908, art 7, § 13; CLS 1956, § 712A.2; CL 1948, §§ 712A.11).

2. SAME—WAIVER OF NOTICE—COLLATERAL ATTACK.

   A waiver of service of process or notice of hearing, signed by attorney for mother in proceedings as to dependent and neglected children, while subject to attack by mother, if unauthorized, would not be subject to collateral attack by father in habeas corpus proceeding to obtain custody of his children following his release from mental hospital (CL 1948, § 712A.12).

3. SAME—DEPENDENT AND NEGLECTED CHILDREN—JURISDICTION OF PROBATE COURT—COUNTY AGENT'S REPORT.

   A statutorily-authorized report of the county agent, based upon investigation of facts alleged in petition relative to dependent and neglected children constituted a proper basis for the probate court's acceptance of jurisdiction, where service of notice of hearing on the petition had been made upon the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 31 Am Jur, Juvenile Courts and Delinquent, Dependent and
   ·   Neglected Children § 37.
[2] 31 Am Jur, Juvenile Courts and Delinquent, Dependent and Neglected Children §§ 64, 65.
   Right of parent to notice and hearing before being deprived of custody of child. 76 ALR 242.
[4]. 31 Am Jur, Juvenile Courts and Delinquent, Dependent and Neglected Children § 87.
[5] 31 Am Jur, Juvenile Courts and Delinquent, Dependent and Neglected Children §§ 80, 86.
[6] 25 Am Jur, Habeas Corpus § 80; 27 Am Jur, Infants § 108.
[7] 25 Am Jur, Habeas Corpus § 80.
[8] 25 Am Jur, Habeas Corpus § 78.

father, then committed to a mental hospital and service upon mother had been waived and there was an absence of dispute over any jurisdictional fact (Const 1908, art 7, § 13; CLS 1956, § 712A.2; CL 1948, §§ 712A.11–712A.13, 712A.17).

4. SAME—DEPENDENT AND NEGLECTED CHILDREN—ORDER OF PROBATE COURT—JURISDICTION.

An order of the probate court taking jurisdiction over dependent and neglected children upon petition, as to which notice of hearing had been given, and which sought to give that court temporary custody was a final and appealable order (Const 1908, art 7, § 13; CLS 1956, § 712A.2; CL 1948, §§ 712A.11– 712A.13, 712A.17).

5. SAME—JURISDICTION OF PROBATE COURT—CUSTODY OF DEPENDENT AND NEGLECTED CHILDREN.

An order of the probate court taking jurisdiction over minor children as dependent and neglected children, pursuant to petition to give the court custody, but which order failed to state whether the custody was temporary or permanent as required by statute was, therefore, defective and voidable, but not void, where the facts plainly show the probate court had jurisdiction as to the children and he was authorized by statute to assume jurisdiction (Const 1908, art 7, § 13; CLS 1956, § 712A.2; CL 1948, §§ 712A.11–712A.13, 712A.17).

6. SAME—CUSTODY.

The paramount consideration in all cases involving the custody of children is always what is demanded by the child's best interests.

7. HABEAS CORPUS—CUSTODY OF CHILDREN—EQUITY.

Habeas corpus is essentially equitable in its nature when it involves the custody of a child.

8. SAME—CUSTODY OF CHILDREN—BURDEN OF PROOF.

Record in father's habeas corpus proceeding to recover custody of his minor children after his release from a mental hospital *held*, to show that his petition should have been dismissed, where it appears essential to the well-being of the children that he make a showing of reasonable continuity of mental stability, of capacity for steady employment, and of the existence of a legally-constituted family and home wherein there is a reasonable possibility of proper care for his children.

DETHMERS, C. J., and CARR and KELLY, JJ., dissenting.

Appeal from Berrien; Robinson (Thomas N.), J. Submitted on rehearing April 18, 1958. (Docket No. 98, Calendar No. 47,013.) Decided July 15, 1958. Rehearing denied September 9, 1958. Certiorari denied by Supreme Court of the United States January 19, 1959.

Habeas corpus by Gordon L. Harmsen against Deane Fizzell, Theo Fizzell, William Johnston, and Donna Johnston to obtain return of his children into his custody. Orders granting plaintiff custody. Defendants appeal. Reversed.

*A. H. Lee,* for plaintiff.

*James L. Colman,* for defendants Fizzell.

*A. G. Preston, Jr.,* for defendants Johnston.

CARR, J. (*dissenting*). This case was first submitted at the June, 1957, term of Court. On December 24, 1957, the holding of the circuit judge was sustained by a 4-to-4 decision, Mr. Justice SHARPE writing for affirmance. The case is reported 351 Mich 86. Following the retirement of Justice SHARPE on December 31st last, a motion for a rehearing was granted by a divided Court and the cause has again been submitted at the present term on the briefs and appendices of counsel originally filed.

When the case was previously before us the issues of fact involved were thoroughly considered and discussed. In his opinion Justice SHARPE set forth the legal principles at issue and his reasons for upholding the action of the circuit court. I am in accord therewith. No purpose would be served by restating those reasons or enlarging thereon. The prior disposition of the case should not be changed on rehearing.

The order of the circuit court should be affirmed, with costs to appellee.

DETHMERS, C. J., and KELLY, J., concurred with CARR, J.

EDWARDS, J. This matter came before the Court for decision on December 24, 1957, with the result of affirmance of the action of the circuit judge by an equally-divided Court, with Mr. Justice SHARPE writing for affirmance and the writer for reversal.

Subsequent thereto timely application for rehearing was filed and, with a change in the composition of the Court, was approved by a 5-3 vote on March 4, 1958.

The previous decision involved 2 legal issues of some import: First, whether a writ of habeas corpus may properly be used to attack procedural errors in a neglect case before the juvenile court, involving temporary custody of children, when the record clearly shows jurisdiction to hear and dispose of the case; and, second, whether in a habeas corpus proceeding pertaining to child custody, the circuit judge hearing same must, while giving consideration to the rights of a petitioning parent, take into account also the best interest and welfare of the child.

The opinion entered by the writer in *Harmsen v. Fizzell,* 351 Mich 86, and signed by 3 other members of this Court, answered the first question in the negative and the second in the affirmative. For the purpose of decision of this case on rehearing, the prior opinion is incorporated herein by reference.

The judgment of the circuit court is reversed. Costs to appellants.

KAVANAGH, J., concurred with EDWARDS, J.

SMITH, J. (*concurring*). This case involved the grant or denial of a writ of habeas corpus. The only issue involved in the case, as in all habeas corpus cases, was the jurisdiction of the court, here the

jurisdiction of the juvenile division below. We held that there was jurisdiction. With this holding we again express our concurrence. The great historic writ is a "palladium of liberty," not a mere writ of error.· Once a court has the parties and the subject matter properly before it, as did the juvenile division in this case, its jurisdiction is not so feeble that it comes or goes with procedural errors made or resisted, objections claimed or foregone, proofs withheld or deficient, judgment sound or judgment reversible. Thus we properly denied the writ and upheld the involved jurisdiction of the Berrien county probate court.

The matter of probate court jurisdiction, sitting in juvenile division, will be found discussed in more detail in the case of *Fritts* v. *Krugh,* 354 Mich 97.

Reversed. Costs to appellants.

BLACK and VOELKER, JJ., concurred with SMITH, J.