IN THE MATTER OF CARLENE WARD

Docket No. 51317. Submitted October 14, 1980, at Lansing.—Decided March 4, 1981.

Beverly Bates Ward, mother of Carlene Ward, a minor child, moved from Kentucky to Michigan and placed Carlene in the custody and care of her sister and brother-in-law. In 1975, a petition was filed in the Juvenile Division of the Ingham Probate Court by a caseworker employed by the Ingham County Department of Social Services alleging that Carlene Ward was without proper custody or guardianship. Carlene's mother pleaded no contest to the petition, and the probate court, Donald S. Owens, J., took jurisdiction of the child, made the child a temporary ward of the court, and ordered continued placement of the child with her aunt and uncle. In 1978, a motion for rehearing, a motion to dismiss the original petition and a motion to dismiss the motion for rehearing were filed with the probate court. The probate court denied the motions. The court did return Carlene to her mother, Beverly Bates Ward, but, over Mrs. Ward's objection, continued Carlene as a temporary ward of the court. Beverly Bates Ward, pursuant to a now repealed statute, filed a claim of appeal in Ingham Circuit Court. Michael G. Harrison, J., reversed the order of the probate court by which the probate court took jurisdiction over the child. The Ingham County Department of Social Services sought and was granted leave to appeal in the Court of Appeals. *Held:*

1. The appeal to the circuit court was timely filed, since it was taken three days after the probate court's order on the

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 87, 306.

5 Am Jur 2d, Appeal and Error § 548.

Motion or petition for rehearing in court below as affecting time within which appellate proceedings must be taken or instituted. 10 ALR2d 1075.

[2] 23 Am Jur 2d, Desertion and Nonsupport §§ 85, 86.

42 Am Jur 2d, Infants § 22.

Income of child from other source as excusing parent's compliance with support provisions of divorce decree. 39 ALR3d 1292.

motion for rehearing. The appeal of the motion for rehearing, said motion for rehearing by statute being properly brought at any time, properly included the question of the probate court's exercise of continuing jurisdiction over the child.

2. The juvenile division of a probate court lacks jurisdiction over a child under the age of 17 years who has been placed in the custody and care of relatives by the natural parent, since such child, in the absence of proof of lack of proper support and care, is not a child who is "otherwise without proper custody or guardianship" within the meaning of the statute conferring jurisdiction on the probate court.

Affirmed.

1. APPEAL — PROBATE COURTS — CIRCUIT COURTS — REHEARING — JURISDICTION.

An appeal under the former statute which permitted an appeal of right to the circuit court from orders of the juvenile division of the probate court is timely filed where such appeal is taken three days after the denial of a motion for rehearing of the probate court's prior order concerning a child; such an appeal may properly include the question of whether the probate court had jurisdiction over the minor child (MCL 712A.21, 712A.22; MSA 27.3178[598.21], 27.3178[598.22]).

2. INFANTS — PROBATE COURTS — JURISDICTION.

A child under the age of 17 years who has been placed in the custody of relatives by the child's natural parent is not subject to the supervisory jurisdiction of the juvenile division of the probate court in the absence of a showing that such custodial relative has not provided the necessary support and care to the child (MCL 712A.2; MSA 27.3178[598.2]).

*Peter D. Houk,* Prosecuting Attorney, and *Charles M. Sibert,* Chief Appellate Attorney, for plaintiff.

*Ronald C. Emerson,* for defendant.

Before: M. F. CAVANAGH, P.J., and T. M. BURNS and R. H. CAMPBELL,* JJ.

R. H. CAMPBELL, J. This matter is being appealed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

upon a stipulated statement of facts. The stipulated facts are as follows: Sometime prior to September, 1974, the father of Carlene Ward, a minor, failed and refused to support his family, and, since that time, he has had no contact with Carlene. In September, 1974, Beverly Bates Ward, mother of Carlene Ward, came to Michigan from Kentucky with Carlene and her nine other children. This was to be a permanent move and she placed her children with relatives. She paid for their care with A.D.C. payments that she received for each one. Carlene was placed with Mrs. Ward's sister and brother-in-law, who were aunt and uncle to Carlene. Carlene resided there from September, 1974, to the time of this appeal. On March 26, 1975, a petition was filed with the Ingham County Probate Court alleging violation of MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1) in that the child was without proper custody or guardianship. On March 27, 1975, a preliminary hearing was held, and Carlene was placed in the care and custody of the director of children's services for placement. The director continued placement with her aunt and uncle. The aunt and uncle did provide proper care and shelter and did have a genuine interest in the welfare of Carlene from the time Carlene came to live with them right up to the present. On June 4, 1975, Beverly Bates Ward pleaded no contest to the petition and the court took jurisdiction of Carlene, continuing her placement with the aunt and uncle. On July 22, 1975, Carlene was made a temporary ward of the court and placement was continued with the aunt and uncle. On July 10, 1978, the probate court heard (a) a motion to dismiss original petition; (b) a motion to dismiss petition for rehearing; and (c) a petition for rehearing of original petition. Each motion challenged the jurisdiction of the court and

each motion was denied. On October 5, 1978, the court returned Carlene to her mother but, over an objection by her mother, continued Carlene as a temporary ward of the court.

Beverly Bates Ward filed an appeal of right in circuit court pursuant to MCL 712A.22; MSA 27.3178(598.22), which has been repealed by 1978 PA 543, effective July 1, 1979. The circuit court judge reversed the probate court's order taking jurisdiction over Carlene. The Ingham County Department of Social Services was granted leave to appeal to this Court on June 3, 1980.

There are two issues raised in this matter: first, was the mother's appeal to circuit court barred as being untimely; and second, is a minor girl who has been placed by her natural parent in the custody of a relative who adequately cares for her "without proper custody or guardianship" and thus subject to the jurisdiction of probate court.

As to the first issue of whether or not Beverly Bates Ward's appeal to circuit court was timely filed, MCL 712A.22; MSA 27.3178(598.22) provided:

"Appeal may be taken to the circuit court by the prosecuting attorney or any person aggrieved by any order of the juvenile division of the probate court, in the same manner as from other orders or judgments of the probate court as provided by § 45a of chapter 1. The pendency of an appeal shall not suspend the order unless the circuit court shall specifically so order. An application for a delayed appeal from any order or judgment shall be filed within 6 months after entry thereof."

MCL 712A.21; MSA 27.3178(598.21) provides in part:

"Any interested person, at any time while the child is under the jurisdiction of the court, may file a petition,

in writing and under oath, for a rehearing upon all matters coming within the provision of this chapter, and upon the rehearing the court may affirm, modify or set aside any order so reviewed."

As the statute suggests, an appeal of any order of the probate court may be sought within six months of its entry. The order complained of was issued October 23, 1978, and the claim of appeal was filed October 26, 1978. This Court perceives no bar to raising in a timely appeal the continued exercise of jurisdiction if improperly exercised. We find that the appeal by Mrs. Ward to circuit court was within the statutory period.

The second issue is of more concern and substance to this Court. MCL 712A.2; MSA 27.3178(598.2) provides in relevant part:

"Except as provided herein, the juvenile division of the probate court shall have:

\* \* \*

"(b) Jurisdiction in proceedings concerning any child under 17 years of age found within the county

"(1) Whose parent or other person legally responsible for the care and maintenance of such child, when able to do so, neglects or refuses to provide proper or necessary support, education as required by law, medical or surgical or other care necessary for his health, morals or well being, or who is abandoned by his parents, guardian or other custodian, or who is otherwise without proper custody or guardianship."

The issue under this statute is the interpretation of the phrase "who is otherwise without proper custody or guardianship". There is no controlling Michigan authority on this question. In the case of *In re Weldon,* 397 Mich 225, 296-297; 244 NW2d 827 (1976), Justice LEVIN said:

"Most parents raise their children themselves. Some parents, however, because of illness, incarceration, employment or other reason, entrust the care of their children for extended periods of time to others. This they may do without interference by the state so long as the child is adequately cared for. 'Clearly it is *not* the law that before a child can be placed by a parent in temporary custody of a relative permission must be first obtained from the court.' *Diernfeld v People,* 137 Colo 238, 242-243; 323 P2d 628 (1958) (emphasis by the Court).[5]

"[5] 'If, through arrangements made by the parent, the child is being properly cared for by those who have a genuine interest in its welfare, the fact that the mother has obtained such help and has sought out and procured proper care for the child is evidence that the parent is not neglecting the child. It is also evidence of proper concern for the child's welfare and tends to establish that she was not abandoned or left homeless. If the person in whose care the child is placed assumes the responsibility, is not being imposed upon, and there is no dispute among persons entitled to the custody of the child, the jurisdiction of the court cannot be invoked and the state is not concerned in the matter. To be sure the state has an interest in the child, but its interest is based upon the statutory grounds of dependency, neglect or abandonment, and in order for the child to be snatched from a blood relation who is giving her love and care, there certainly must be some showing as to the necessity therefor.' "

*In re Gould,* 171 Mich 540; 137 NW 223 (1912), involved a claim under 1909 PA 310, a predecessor of the current statute, which gave probate court jurisdiction over a "dependent or neglected child". Section 1 of that act contained the following definition:

"For the purpose of this act the words 'dependent child' and 'neglected child' shall mean any child who for any reason is destitute or homeless or abandoned or dependent upon the public for support, or who has not proper parental care or guardianship or who habitually begs."

The Court, in considering the application of the provisions of the act, held:

"It is undisputed that he has an excellent home with his grandparents, who have heretofore cared for, and are anxious to care for him in the future. All this has been done with at least the tacit consent of the father, who has never been asked to pay for such care and support. Is not such care 'proper parental care or guardianship?' We think so." *Id.,* 546.

*Diernfeld* and *Gould* reflect the way statutes similar to that at issue here are usually construed. We conclude that Carlene, who was placed by her natural mother in the custody of a relative who properly cared for her, is not a minor "otherwise without proper custody or guardianship" and thus she was not subject to the jurisdiction of the probate court. The circuit court's decision is affirmed.