## IN THE MATTER OF CAMPBELL

Docket No. 63163. Submitted April 11, 1983, at Detroit.—Decided October 24, 1983. Leave to appeal denied, 418 Mich 938.

Anthony D. Campbell, a minor, was born on June 12, 1970. His acknowledged natural father, Willie Campbell, and his mother, respondent Maude Nedd, never married. Respondent has always been the custodial parent. Beginning in June of 1979, employees of petitioner, Department of Social Services, filed a series of petitions in the Probate Court for the County of Oakland, Juvenile Division, charging respondent with neglect involving child abuse. It was alleged that respondent's male companion, Roosevelt Clark, had threatened and beaten Anthony both in and out of the respondent's presence. A series of preliminary hearings, adjudicative hearings and dispositional hearings followed with findings indicating continuing neglect. Following an adjudicative hearing on a petition in which both parents were named as respondents, which commenced on May 1, 1981, the probate court found continuing neglect on the part of Maude Nedd. The court, however, did not find neglect as to the father and, therefore, ordered that part of the petition to be dismissed. During a subsequent dispositional hearing, repondent moved to defer hearings on permanent wardship until after Willie Campbell's residence plans for Anthony were evaluated. The motion was denied. Following the conclusion of dispositional hearings, on February 25, 1982, the probate court, Norman R. Barnard, J., issued an opinion and order terminating respondent's parental rights and causing Anthony to become a permanent ward of the court. The order also provided that Willie Campbell was to continue to visit Anthony, attend Alcoholics Anonymous meetings, attend counseling therapy in a parenting program, and draft a residential plan for himself

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 54.

Procedural requirements under Federal Constitution in juvenile delinquency proceedings—federal cases. 25 L Ed 2d 950.

[2] 5 Am Jur 2d, Appeal and Error §§ 839, 841.

and Anthony. Respondent appeals raising numerous issues.
*Held:*

1. Respondent does not have standing to raise an issue regarding the alleged violation of Willie Campbell's due process rights resulting from the permanent wardship order.

2. The probate court correctly applied the preponderance of the evidence standard of proof in denying respondent's motion for dismissal of the permanent wardship petition made at the close of the petitioner's proofs in the adjudicative hearing. The evidence supports the finding of the probate court. The probate court's determination was not clearly erroneous.

3. The findings of the probate court at the dispositional hearings stage of the proceedings were not clearly erroneous.

Affirmed.

1. INFANTS — JUVENILE LAW — OFFENSE AGAINST CHILD — ADJUDICATIVE PHASE — BURDEN OF PROOF — JUVENILE COURT RULES.

The standard of proof by a preponderance of the evidence applies at the adjudicative phase of a juvenile court hearing involving an offense against a child (JCR 1969, 8.3[A]).

2. APPEAL — BENCH TRIAL.

A finding of fact by a court sitting in a bench trial is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

3. INFANTS — JUVENILE LAW — TERMINATION OF PARENTAL RIGHTS — BURDEN OF PROOF — JUVENILE COURT RULES.

Clear and convincing evidence is required to be shown at the dispositional phase of a juvenile court hearing for the termination of parental rights before those rights may be terminated (JCR 1969, 8.3[B]).

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lisa Varnier,* Assistant Prosecuting Attorney, for petitioner.

*Craig W. Bender,* Guardian Ad Litem, for Anthony D. Campbell.

*Rothstein, Erlich & Rothstein* (by *Jay L. Rothstein* and *Stewart I. Erlich),* for respondent.

Before: T. M. BURNS, P.J., and R. M. MAHER and CYNAR, JJ.

R. M. MAHER, J. This case presents yet another chapter in the ongoing tragic saga of child abuse and child neglect and the efforts made to deal with their consequences. An exhaustive review of the facts presented by this appeal is unnecessary, however, certain facts should be presented in order to provide a framework upon which the legal analysis following can be placed.

Anthony Campbell was born on June 12, 1970. Willie Campbell is the acknowledged natural father. Respondent Maude Nedd and Willie Campbell never married. Respondent has always been the custodial parent.

On June 12, 1979, Betty A'Hearn, an employee of the Department of Social Services, filed a petition charging respondent with neglect involving child abuse. The petition alleged that Roosevelt Clark, respondent's male companion, struck Anthony with his fists and an extension cord several times in the presence of respondent. Respondent denied that Clark had struck the child. Following the incident, Anthony went to stay with his father.

At a preliminary hearing on June 18, 1979, the probate court found probable cause to believe that a condition of abusive neglect existed on the day in question and set the matter for an adjudicative hearing. The adjudicative hearing was held on August 20, 1979. At the conclusion of the hearing, this case was set for dispositional hearings.

The dispositional phase was brief. When respondent informed the court that Clark no longer visited her home, the child was placed with respondent under a caseworker's supervision. Two months later, the caseworker petitioned the court

for a rehearing to determine continuing neglect. At an adjudicative hearing held on April 16, 1980, testimony was adduced indicating that Roosevelt Clark had been regularly present in the residence and had threatened and beaten Anthony both in and out of respondent's presence.

Once again, the probate court found the allegations in the petition to be true. In an order dated April 25, 1980, Anthony was again temporarily released to respondent's care, with the instruction that Clark was neither to reside in nor to visit respondent's home. At the subsequent dispositional hearing, placement with respondent was ordered, on the express condition that Clark was not to appear at respondent's residence.

However, on January 23, 1981, the caseworker again submitted a petition for rehearing, alleging essentially the same type of acts as previously complained of. The preliminary hearing was waived and an adjudicative hearing was held, commencing on May 1, 1981. After a full hearing, the court found continuing neglect on the part of respondent. It did not, however, find neglect as to the father and ordered that part of the petition to be dismissed.

During a subsequent dispositional hearing, respondent moved to defer hearings on permanent wardship until after the father's plans were evaluated. The motion was denied. Following the conclusion of dispositional hearings, on February 25, 1982, the probate court issued an opinion and order terminating respondent's parental rights and causing Anthony to become a permanent ward of the court. Respondent appeals as of right, raising numerous issues.

Respondent initially contends that the probate court committed reversible error in proceeding to

a permanent wardship dispositional hearing when only one parent was found guilty of continuing neglect. In the abstract, it is a troubling argument. As this Court concluded in *In the Matter of Kurzawa*, 95 Mich App 346, 355-356; 290 NW2d 431 (1980):

"A parent's right to the custody of his or her child is an element of 'liberty' guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. *Reist v Bay Circuit Judge,* 396 Mich 326, 339-346; 241 NW2d 55 (1976)."

Accord: *In the Matter of LaFlure,* 48 Mich App 377, 385; 210 NW2d 482 (1973).

This is not a situation where the whereabouts of the remaining parent are unknown, or if known, where it has been conclusively established that the remaining parent is unable to care for the child in question. See, *e.g., In the Matter of Curry,* 113 Mich App 821; 318 NW2d 567 (1982); *In the Matter of Adrianson,* 105 Mich App 300; 306 NW2d 487 (1981); *In the Matter of Ward,* 104 Mich App 354; 304 NW2d 844 (1981). Certainly, Willie Campbell's interests were represented to the extent that the probate court dismissed that portion of the petition charging him with neglect.

However, as this issue has been presented in this case, resolution becomes easier. If anyone's due process rights were violated by the permanent wardship order, it was Willie Campbell's. Respondent has no standing to raise this first issue presented. *Cf. Harmsen v Fizzell,* 354 Mich 60; 92 NW2d 631 (1958), adopting opinion of EDWARDS, J., in *Harmsen v Fizzell,* 351 Mich 86, 100; 87 NW2d 161 (1957).

It should be noted, in passing, that although Willie Campbell is not a party to this appeal, the

probate court wisely provided in its order of February 25, 1982, that he continue to visit Anthony, attend Alcoholics Anonymous meetings, attend counseling therapy in a parenting program, and draft a residential plan for himself and Anthony. As we read the order, Willie Campbell's relationship with Anthony has not been severed, but rather is contemplated to be an ongoing relationship.

Respondent then argues that the probate court applied the wrong standard of proof in denying respondent's motion for dismissal of the permanent wardship petition made at the close of the petitioner's proofs in the adjudicative hearing. The probate court correctly applied the preponderance of the evidence standard. *Cf.* JCR 1969, 8.3(A). A review of the evidence adduced at the hearing supports the finding of the probate court. The probate court's determination is not clearly erroneous, as defined in *Mazur v Blendea,* 413 Mich 540; 321 NW2d 376 (1982); *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976).

Respondent further contends that a review of the testimony taken at the dispositional hearings demonstrates that clear and convincing evidence supporting termination of parental rights was not presented. Again, we hold that the findings of the probate court at this stage of the proceedings were not clearly erroneous. *In the Matter of Adrianson, supra.*

Respondent's remaining evidentiary issues have been considered and are without merit.

Affirmed.