IN THE MATTER OF OVALLE
LUTHERAN SOCIAL SERVICES v OVALLE

Docket Nos. 76471, 76635. Submitted October 12, 1984, at Lansing.—
Decided January 2, 1985. Leave to appeal denied 421 Mich __.

Susan Ovalle and Robert Ovalle, Sr., were divorced in 1980 and
Susan Ovalle was granted custody of the parties' two minor
children. Between May of 1980 and November of 1982, the
children were removed from Susan Ovalle's home three times
and placed in temporary foster care by a protective services
caseworker. The children were in foster care for a total of 930
days. In October of 1983, Robert Ovalle, Sr.'s mother, Rose
Heller, petitioned the Ingham Probate Court for custody of the
children. The children's caseworker from Lutheran Social Ser-
vices also petitioned the probate court to take permanent
jurisdiction. The probate court, Robert L. Drake, J., held pro-
ceedings on the permanent jurisdiction petition in abeyance
until it ruled on the grandmother's petition. Following a hear-
ing, the probate court found the grandmother unable to provide
the children with a proper home and denied her petition. After
a hearing on the caseworker's petition, the probate court issued
an order terminating the parental rights of Susan Ovalle and
Robert Ovalle, Sr., and placing the children in the permanent
custody of the probate court. Appeals from that order were
brought by Susan Ovalle and Robert Ovalle, Sr. *Held:*

1. The probate court properly admitted testimony by the
children's foster mother regarding the children's feelings on
being returned to their parents' custody. The children's feelings
in this regard were relevant considerations on the termination
issue.

2. The correct standard of review to be applied in reviewing

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 497 *et seq.*

[1-4] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children §§ 49-53.

59 Am Jur 2d, Parent and Child §§ 25, 39, 41, 43.

[2] 4 Am Jur 2d, Appeal and Error §§ 2, 139.

5 Am Jur 2d, Appeal and Error § 898.

[3, 4] 59 Am Jur 2d, Parent and Child § 40.

parental rights termination decisions of a probate court is the clearly erroneous standard.

3. There was clear and convincing evidence supporting the probate court's decision to terminate the parental rights of Susan Ovalle and Robert Ovalle, Sr.

4. Robert Ovalle, Sr., does not have standing to raise an issue regarding the denial of Rose Heller's petition for custody. Rose Heller is not a party to this appeal.

Affirmed.

1. PARENT AND CHILD — TERMINATION PROCEEDINGS — EVIDENCE — HEARSAY — DUE PROCESS — JUVENILE COURT RULES.

A probate court may consider all relevant and material evidence, including hearsay, at the dispositional phase of a termination proceeding; the requirements of due process do not prevent the admission of hearsay testimony as long as the evidence is fair, reliable and trustworthy (GCR 1969, 8.3[B]).

2. PARENT AND CHILD — APPEAL — TERMINATION PROCEEDINGS.

The correct standard of review to be applied by the Court of Appeals in reviewing parental rights termination decisions of a probate court is the clearly erroneous standard; a probate court is a statutory court and all appeals from a probate court must be decided on the record and not tried *de novo* (MCL 600.866[1]; MSA 27A.866[1]).

3. PARENT AND CHILD — TERMINATION PROCEEDINGS — NEGLECT.

A probate court's decision to terminate the parental rights of a mother may be found to be supported by clear and convincing evidence where there is evidence of the mother's long-term neglect of the children and of her inability to provide them a proper home within the following twelve months (MCL 712A.19a[e] and [f]; MSA 27.3178[598.19a][e] and [f]).

4. PARENT AND CHILD — TERMINATION PROCEEDINGS — INCARCERATION OF PARENT.

A probate court's decision to terminate the parental rights of a father may be found to be supported by clear and convincing evidence where there is evidence that, due to his incarceration for from 7 to 20 years, he would not likely be able to provide his children with a suitable home for at least two years (MCL 712A.19a[d]; MSA 27.3178[598.19a][d]).

*Peter D. Houk,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Susan L.*

*LeDuc,* Assistant Prosecuting Attorney, for petitioner.

*Philip J. Dwyer,* Guardian Ad Litem, for the minor children.

*Ball, Van Dam & Ross, P.C.* (by *Richard D. Ball),* for Susan Ovalle.

*Charles M. Zwick,* for Robert Ovalle, Sr.

Before: DANHOF, C.J., and GRIBBS and ALLEN, JJ.

GRIBBS, J. Susan Ovalle and Robert Ovalle, Sr., appeal as of right from the Ingham County Probate Court's January 30, 1984, order terminating their parental rights. We affirm.

Susan Ovalle and Robert Ovalle, Sr., were divorced in 1980. Susan Ovalle retained custody of the two minor children, Robert, Jr., born on June 16, 1974, and Donnie, born on June 7, 1978. In May of 1980, the children were first removed from Susan Ovalle's home and placed in temporary foster care by a protective services caseworker. They were returned to her custody in August of 1980, but were again placed in foster care in December of 1980. The children were returned to her care in January, 1982, but were removed and placed in foster care for a third time in November of 1982. They were in foster care for a total of 930 days. In October of 1983, Robert Ovalle, Sr.'s mother, Rose Heller, petitioned the probate court for custody of the children. The children's caseworker also petitioned the probate court to take permanent jurisdiction. Finding that a ruling on Rose Heller's petition might resolve the issue of permanent custody to the parties' satisfaction, the court abated the proceedings on the permanent jurisdiction petition until it ruled on the grand-

mother's petition. Following the hearing on Rose Heller's petition for custody, the probate court found her unable to provide the children with a proper home and denied her petition. After a hearing on the caseworker's petition, the probate court terminated Susan Ovalle's and Robert Ovalle, Sr.'s parental rights and issued an order to that effect on January 30, 1984.

Susan Ovalle and Robert Ovalle, Sr., contend that the probate court violated their right to due process by admitting the children's foster mother's hearsay evidence at the termination proceedings. The probate court may consider all relevant and material evidence, including hearsay, at the dispositional phase of a termination proceeding. JCR 1969, 8.3(B); *In the Matter of Hinson,* 135 Mich App 472; 354 NW2d 794 (1984). The requirements of due process do not prevent the admission of hearsay testimony as long as the evidence is fair, reliable and trustworthy. *Hinson, supra.* In the instant case, although respondents objected to the admission of the foster mother's testimony concerning her conversations with the children, they did not suggest that such testimony was unreliable or not trustworthy. Moreover, the children's out-of-court statements to their foster mother were merely offered to show the children's feelings about being returned to their parents' custody, not to prove that they were unfit parents. We agree with the probate court that the children's feelings about being returned to their parents' custody were relevant considerations on the termination issue.

Susan Ovalle and Robert Ovalle, Sr., also contend that the probate court erred in terminating their parental rights. In reviewing parental rights termination decisions of the probate court, there has been confusion as to whether the standard of

review is *de novo* or "clearly erroneous". *In the Matter of Mudge,* 116 Mich App 159, 161; 321 NW2d 878 (1982). However, we adopt the rationale in *In the Matter of Irving,* 134 Mich App 678; 352 NW2d 295 (1984), and find that the correct standard is the "clearly erroneous" standard of review. *De novo* review was originally applied to child custody determinations which were heard by the chancery division of the court. In contrast, the probate court is a statutory court, and MCL 600.866(1); MSA 27A.866(1) provides that all appeals from the probate court must be decided on the record and not tried *de novo. Irving, supra.*

Our review of the record persuades us that the probate court did not err in terminating Susan Ovalle's parental rights based on neglect and her inability to provide a proper home within the next 12 months. MCL 712A.19a(e) and (f); MSA 27.3178(598.19a)(e) and (f). There was clear and convincing evidence of long-term neglect. *Fritts v Krugh,* 354 Mich 97, 116; 92 NW2d 604 (1958); *In the Matter of LaFlure,* 48 Mich App 377; 210 NW2d 482 (1973), *lv den* 390 Mich 814 (1973). The children were removed from her custody three times and were in foster care for 930 days. The evidence also established her inability to make any progress toward establishing a good home in the near future. Susan Ovalle repeatedly disobeyed court orders requiring her to pursue counseling or therapy and job training. Although she claimed that she had kicked her drug habit and would follow the court's orders, her prior record of promising to reform and then continuing to neglect her children justified the probate court's conclusion that there would not be a change in her ability to provide a proper home for the children within the following 12 months. See MCL 712A.19a(f); MSA 27.3178(598.19a)(f).

The probate court also did not err in terminating Robert Ovalle, Sr.'s parental rights. Due to his incarceration of from 7 to 20 years for criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2), he would not likely be able to provide his children with a suitable home for at least two years. MCL 712A.19a(d); MSA 27.3178(598.19a)(d).

Robert Ovalle, Sr., additionally argues that his mother, Rose Heller, could provide the children with a proper home. The probate court specifically considered her petition for custody prior to the termination proceedings and denied the petition after determining that her home was not a suitable environment for the children. Rose Heller is not a party to this appeal, and her son does not have standing to raise this issue. *In the Matter of Campbell,* 129 Mich App 780, 784; 342 NW2d 607 (1983).[1]

In conclusion, the probate court properly admitted the foster mother's testimony regarding the children's feelings on being returned to their parents' custody, and there was clear and convincing evidence supporting the probate court's decision to terminate Susan Ovalle's and Robert Ovalle, Sr.'s parental rights.

Affirmed.

[1] The cases cited by respondent Robert Ovalle, Sr., dealt with the assumption of jurisdiction by the probate court when a parent has placed a child in the custody of a relative whose home has not been deemed unfit. *In the Matter of Curry,* 113 Mich App 821, 823-827; 318 NW2d 567 (1982), and cases cited therein. In this case the court considered the fitness of the grandmother's home specifically because it believed that its decision on this matter might resolve the petition for termination of parental rights to the satisfaction of the parties.