*In re* HURLBUT

Docket No. 89775. Submitted May 22, 1986, at Lansing. Decided September 8, 1986.

Terry Lynn Hurlbut was born out of wedlock on October 14, 1982, and the mother, Judy Hurlbut Baker, cared for the child until the mother's death on July 29, 1985. A Lenawee County Department of Social Services worker, unaware of the identity of the child's father, immediately placed the child in temporary foster care. The worker learned the following day about the possible identity of the father and that the mother's will had named Jose and Marta Sotelo as guardians of the child and Ricardo and Sally Trevino as successor guardians. On July 31, 1985, the Lenawee County Department of Social Services filed a petition alleging that the child was within the jurisdiction of the juvenile division of the Lenawee County Probate Court, based upon the allegation that the child was without proper custody and guardianship because the mother had died and the father, Charles S. Glisson, was serving a life sentence for first-degree murder. At a preliminary hearing held the same day, the probate court, Robert J. Baker, J., placed the child in the temporary care of the Sotelos, as foster care parents, pending further action in the probate court. On October 11, 1985, the Lenawee County Department of Social Services petitioned for termination of the father's parental rights. The probate court formally assumed jurisdiction and terminated respondent's parental rights after a hearing held on October 24, 1985. The respondent appeals from the probate court's order.

The Court of Appeals *held:*

1. The child was left without proper custody or guardianship at the time of the mother's death and was, thus, subject to the jurisdiction of the probate court.

2. The persons named as guardians in the will did not

REFERENCES

Am Jur 2d, Guardian and Ward §§ 11 *et seq.*

Am Jur 2d, Parent and Child §§ 5 *et seq.*

Who is minor's next of kin for guardianship purposes. 63 ALR3d 813.

See also the annotations in the Index to Annotations under Children.

petition for appointment as guardians prior to the termination hearing and the mother's attempted testamentary appointment of the guardians was ineffective since the father was not dead or adjudged legally incapacitated. During the course of the proceedings which resulted in the termination of respondent's parental rights, the child was without proper guardianship.

3. Once paternity was established in these proceedings, the child remained without proper custody or guardianship since the child's father was serving a mandatory term of life imprisonment and the father had no relatives willing to provide proper care for the child. The probate court had jurisdiction pursuant to MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1).

4. The petitioner acted properly in pursuing termination of respondent's parental rights.

5. Clear and convincing evidence was presented at trial warranting termination under MCL 712A.19a(d); MSA 27.3178(598.19a)(d).

Affirmed.

1. GUARDIAN AND WARD — WILLS.

Guardianship is a term of art that does not exist until it is created by a court; the mere naming of a guardian in a will does not make the named person the guardian upon the death of the deceased; the will must first be probated, the named guardian must file an acceptance of appointment and then the court must sign an order creating the guardianship and placing the guardian under the control of the court (MCL 700.422; MSA 27.5422).

2. GUARDIAN AND WARD — REVISED PROBATE CODE.

There are two ways under the guardianship provisions of the Revised Probate Code that a guardian can be appointed after the death of a parent: a testamentary appointment becomes effective, subject to objection by the minor, upon filing the guardian's acceptance, if before acceptance both parents are dead or the surviving parent is adjudged legally incapacitated; where a guardian is not named in a will or where a testamentary appointment is ineffective, a person may petition for appointment and a guardian may be appointed where a guardian is necessary for the immediate well-being of the minor, however, such appointment must be preceded by notice, hearing and a finding that the appointment is in the best interests of the minor (MCL 700.422, 700.423, 700.424, 700.427; MSA 27.5422, 27.5423, 27.5424, 27.5427).

3. COURTS — PROBATE COURT — MINORS — CUSTODY — GUARDIAN-
  SHIP.

  The juvenile division of the probate court has jurisdiction in
  proceedings concerning any child under seventeen years of age
  found within the county who is without proper custody or
  guardianship (MCL 712A.2[b][1]; MSA 27.3178[598.2][b][1]).

4. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS.

  Clear and convincing evidence is presented warranting termina-
  tion of a parent's parental rights in his minor child where the
  parent has been convicted of a felony the nature of which
  proves his unfitness to have future custody of the child or
  where the parent's imprisonment will deprive the child of a
  normal home for more than two years (MCL 712A.19a[d]; MSA
  27.3178[598.19a][d]).

*Laidlaw & Laidlaw* (by *David H. Laidlaw*), for
Lenawee County Department of Social Services.

*Force & Baldwin* (by *Clarke F. Baldwin*), for
Charles S. Glisson.

Before: SHEPHERD, P.J., and ALLEN and G. R.
COOK,* JJ.

SHEPHERD, P.J. Respondent, Charles Stanley
Glisson, appeals as of right from the probate
court's December 9, 1985, order assuming jurisdic-
tion and terminating his parental rights in his
minor child under MCL 712A.19a(d); MSA
27.3178(598.19a)(d). Section 19a(d) authorizes ter-
mination where the parent has been convicted of a
felony the nature of which proves his unfitness to
have future custody of the child or where the
parent's imprisonment will deprive the child of a
normal home for more than two years. In this
case, the child's mother was dead and the respon-
dent father was serving a life sentence for first-
degree murder. We affirm the probate court's as-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sumption of jurisdiction and termination of respondent's parental rights.

Terry Lynn Hurlbut was born on October 14, 1982. The male child was born out of wedlock and the mother, Judy Hurlbut Baker, cared for the child until her death on July 29, 1985. Sue Keagle of the Lenawee County Department of Social Services immediately placed the child in temporary foster care. The following day Keagle learned of the mother's will which named Jose and Marta Sotelo as guardians of the child and Ricardo and Sally Trevino as successor guardians.

On July 31, 1985, petitioner filed a petition alleging that the child was within the jurisdiction of the juvenile division of the Lenawee County Probate Court, pursuant to MCL 712A.2(b); MSA 27.3178(598.2)(b). The claim was based upon the allegation that the child was "without proper custody and guardianship" because the mother had died and the father was serving a life sentence for first-degree murder. At a preliminary hearing held the same day, the probate court placed the child in the temporary care of the Sotelos pending further action in the probate court. Subsequently, on October 11, 1985, petitioner petitioned for termination of respondent's parental rights. The probate court formally assumed jurisdiction and terminated respondent's parental rights after a hearing held on October 24, 1985.

Respondent argues on appeal that the probate court could not assume jurisdiction over the child under MCL 712A.2(b); MSA 27.3178(598.2)(b) because the child was never without proper care and guardianship due to the guardianship provisions of the mother's will. We disagree.

MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1) provides:

Except as otherwise provided in this section, the juvenile division of the probate court shall have:

(b) Jurisdiction in proceedings concerning any child under 17 years of age found within the county:

(1) Whose parent or other person legally responsible for the care and maintenance of such child, when able to do so, neglects or refuses to provide proper or necessary support, education as required by law, medical, surgical, or other care necessary for his or her health or morals, or who is deprived of emotional well-being, or who is abandoned by his or her parents, guardian, or other custodian, *or who is otherwise without proper custody or guardianship.*

At the time of Judy Hurlbut Baker's death, her 2½-year-old son was left without proper custody or guardianship. The identity of the child's father was unknown and the existence of the deceased's mother's will had not yet been discovered. The Lenawee County Department of Social Services was informed of the situation and immediately placed the child in temporary foster care. It was not until the following day, when a Lenawee County Department of Social Services worker spoke with Sally Trevino, that the existence of the will and the possible identity of the child's father were discovered. Although the will named guardians and successor guardians, the will and the guardianship provisions were not self-executing and, in fact, never became effective. Guardianship is a term of art that does not exist until it is created by a court. The mere naming of a guardian in a will does not make the named person the guardian upon the death of the deceased. The will must first be probated, the named guardian must file an acceptance of appointment and then the court must sign an order creating the guardian-

ship and placing the guardian under the control of the court. See MCL 700.422; MSA 27.5422.

The petitioner placed the child with the Sotelos and the Trevinos as foster care parents under the supervision of the Lenawee County Department of Social Services. The Sotelos and Trevinos were not acting as guardians. Under the guardianship provisions of the Revised Probate Code, MCL 700.401 *et seq.*; MSA 27.5401 *et seq.*, there are two ways a guardian could be appointed after the death of a parent. In the case of a testamentary guardianship under § 422, subject to objection by the minor to the appointment under § 423, "a testamentary appointment becomes effective upon filing the guardian's acceptance . . . , if before acceptance both parents are dead or the surviving parent is adjudged legally incapacitated." Where a guardian has not been named in a will or where a testamentary appointment is ineffective, a person seeking appointment as the minor's guardian may petition for appointment and the probate court may appoint a guardian under § 424 where a guardian "is necessary for the immediate physical well-being of the minor." A § 424 appointment must be preceded by notice, hearing and a finding that the appointment is in the best interests of the minor under § 427. At least prior to the termination hearing, the named "guardians" had not petitioned the court for appointment as guardians of the child under MCL 700.424; MSA 27.5424, and the mother's attempted testamentary appointment of a guardian under MCL 700.422; MSA 27.5422 was ineffective since the father was not dead or adjudged legally incapacitated. Thus, during the course of the proceedings which resulted in the termination of respondent's parental rights, the child was without proper guardianship.

At the time of the mother's death, there were no

relatives to care for the child. Although Aid to Families with Dependent Children records indicated the identity of the child's father, the paternity of the child was still in question. Once paternity was established in these proceedings, the child remained without proper custody or guardianship since the child's father was serving a mandatory term of life imprisonment for first-degree murder, and the father had no relatives willing to provide proper care for the child. Respondent testified that he had never seen the child and did not even learn of the mother's pregnancy or the child's existence until after his incarceration. Based on these facts we conclude that the probate court had jurisdiction pursuant to MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1).

The cases cited by respondent are easily distinguishable. See *In the Matter of Carlene Ward,* 104 Mich 354; 304 NW2d 844 (1981), and *In the Matter of Curry,* 113 Mich App 821; 318 NW2d 567 (1982). These cases hold that a child who has been placed by a parent in the care of others is not subject to the jurisdiction of the probate court as long as the child is receiving adequate care. However, in each of these cases, there was a living parent who had entrusted the care of a child to others. Here, the child's sole living custodial parent died, leaving the child without proper legal guardianship. Moreover, unlike in *Ward* or *Curry,* although here the mother provided for proposed guardians in her will, the child was not placed in their care prior to probate court intervention. In addition, in the present case the respondent father has done nothing to provide for the care and custody of the child. It was the mother who attempted to provide for the child in the event of her death by naming a guardian in her will.

We conclude that upon the mother's death the

child was left without proper custody and guardianship and, thus, was subject to the jurisdiction of the probate court. Notwithstanding other avenues that could have been pursued, such as the named guardians in the will seeking appointment as guardians, the petitioner acted properly in pursuing termination of respondent's parental rights.

We further note that there was clear and convincing evidence presented at trial warranting termination under MCL 712A.19a(d); MSA 27.3178(598.19a)(d), which provides:

> Where a child remains in foster care in the temporary custody of the court following the initial hearing provided by section 19, the court may make a final determination and order placing the child in the permanent custody of the court, if it finds any of the following:
>
> (d) A parent or guardian of the child is convicted of a felony of a nature as to prove the unfitness of the parent or guardian to have future custody of the child or if the parent or guardian is imprisoned for such a period that the child will be deprived of a normal home for a period of more than 2 years.

The probate court found that due to the respondent's conviction for first-degree murder, he was unfit to have future custody of the child; thus, termination was warranted. In addition, clear and convincing evidence was presented establishing that the respondent would be in prison for a lengthy period of time and the child would be deprived of a normal home life for a period in excess of two years. The probate court's findings were clearly supported by the evidence.

Affirmed.