## *In re* SHAWBOOSE

Docket No. 107605. Submitted November 10, 1988, at Lansing. Decided January 6, 1989.

 The Department of Social Services petitioned the Muskegon Probate Court to terminate the parental rights of Pamela Shawboose and Samuel Landers in their two minor children. In accordance with the Indian Child Welfare Act, the two tribes of which Shawboose was eligible for membership were given an opportunity to intervene but both declined jurisdiction. At the dispositional phase of the hearing the court admitted the findings and recommendation of the Foster Care Review Board. Following the hearing, the court, Neil G. Mullally, J., terminated the parental rights of Shawboose and Landers. Shawboose appealed.

 The Court of Appeals *held:*

 1. Whether minor children are Indian children subject to the Indian Child Welfare Act is a question for the tribes to decide and their decision is conclusive. Since the tribes declined jurisdiction, the Indian Child Welfare Act did not apply.

 2. During the dispositional phase of a termination of parental rights proceeding, the Rules of Evidence do not apply. Therefore, the court did not err in admitting the Foster Care Review Board's findings and recommendations.

 3. The court properly established a statutory basis for terminating Shawboose's parental rights before considering the best interests of the children.

 4. The court did not err in finding clear and convincing evidence for termination of parental rights on the basis of neglect.

 Affirmed.

1. INDIANS — PARENT AND CHILD — CHILD CUSTODY — INDIAN CHILD WELFARE ACT.

 Whether minor children are Indian children subject to the Indian

REFERENCES

Am Jur 2d, Indians § 8.7; Parent and Child §§ 28, 29, 34.

Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

Child Welfare Act is a question for the tribes to decide and their decision is conclusive (25 USC 1911[b] and [c], 1912[a]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — DISPOSITIONAL PHASE OF PROCEEDINGS — RULES OF EVIDENCE.

During the dispositional phase of a termination of parental rights proceeding, the Rules of Evidence do not apply (MCR 5.973).

3. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — BURDEN OF PROOF.

When seeking to terminate parental rights, the burden is on the petitioner to show by clear and convincing evidence that there exists a statutory basis for termination; only after a statutory basis for termination is established may the trial court exercise discretion to terminate parental rights and to consider the best interests of the children and alternative homes (MCR 5.974[A] and [E][3]).

4. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — APPEAL.

Findings of fact which support termination of parental rights will not be reversed unless they are clearly erroneous; findings are clearly erroneous when, although there is evidence to support them, the Court of Appeals is left with a definite and firm conviction that a mistake has been made.

*Harold L. Closz, III,* Prosecuting Attorney, and *Linda S. Kaare,* Assistant Prosecuting Attorney, for the Department of Social Services.

*David W. Marra,* for Pamela Shawboose.

*James G. Olsen,* for the minor children.

Before: MACKENZIE, P.J., and WEAVER and E. A. QUINNELL,* JJ.

PER CURIAM. Respondent Pamela Shawboose appeals as of right from a probate court order termi-

* Circuit judge, sitting on the Court of Appeals by assignment.

nating the parental rights to her two minor children for reasons of neglect.[1] We affirm.

I

On appeal, respondent argues that the probate court erred in refusing to apply the standards of the Indian Child Welfare Act, 25 USC 1901 *et seq.* We disagree with this contention. The Indian Child Welfare Act did not apply to this case. Therefore the probate court properly assumed jurisdiction over the minor children.

First, respondent never met the prerequisite of being an enrolled member of an Indian tribe. 25 USC 1903(4). *In re Johanson,* 156 Mich App 608, 612-613; 402 NW2d 13 (1986), lv den 428 Mich 870 (1987). Although respondent was eligible for membership in both the Ottawa and Chippewa Indian tribes, she never took steps to enroll as a member. Moreover, respondent never sought the help of the Michigan Indian Child Welfare Agency.

Second, the issue of whether the minor children were "Indian children" was one for the tribes and not for the probate court to decide, which determination was conclusive. See *In re Junious M,* 144 Cal App 3d 786, 793; 193 Cal Rptr 40 (1983). Here, in accord with 25 USC 1911(b) and (c), 25 USC 1912(a), and MCR 5.980(A), the two tribes in which respondent was eligible for membership were given an opportunity to intervene in the probate court proceedings but declined jurisdiction. The Grand River Band of the Ottawa Indian Tribe declined jurisdiction because respondent was more Chippewa Indian than Ottawa Indian. The Saginaw Chippewa Indian Tribe declined jurisdiction

---

[1] The children's father, respondent Samuel Landers, is not a party to this appeal.

because respondent was not an enrolled member of the tribe.

Accordingly, respondent's children were not "Indian children" as contemplated by the Indian Child Welfare Act. Hence the probate court did not err in declining its application.

II

We also reject respondent's contention that the trial court erred in admitting as an exhibit the findings and recommendations of the Foster Care Review Board because the report contained hearsay statements not subject to cross-examination. During the dispositional phase of a proceeding to terminate parental rights, the Rules of Evidence do not apply. MCR 5.973 (A)(4); MCR 5.974(E)(2). *In re Nunn,* 168 Mich App 203, 208; 423 NW2d 619 (1988). Respondent's argument that cross-examination was precluded is without merit, since MCR 5.974(E)(2) allowed respondent to cross-examine those who prepared the report if they were reasonably available.

III

We are also unpersuaded by respondent's argument that the probate court erred by considering the best interests of the children and comparing respondent to the foster parent prior to determining that there existed grounds for termination.

When seeking to terminate parental rights, the burden is on the petitioner to show by clear and convincing evidence that there exists a statutory basis for termination. MCR 5.974(A) and (E)(3). Only after a statutory basis for termination is established may the trial court exercise discretion to terminate parental rights and to consider the best interests of the children and alternative

homes. *In re Schejbal,* 131 Mich App 833, 836; 346 NW2d 597 (1984).

From our review of this matter we conclude that the probate court did, by evaluating the considerable evidence concerning respondent's alcoholism and neglect of her children, establish a statutory basis for terminating respondent's parental rights before considering the best interests of the children and alternative homes.

## IV

We find no merit to respondent's contention that grounds were not established by clear and convincing evidence for termination of her parental rights on the basis of neglect, MCL 712A.19a(e); MSA 27.3178(598.19a)(e).

Findings of fact which support termination of parental rights will not be reversed unless they are clearly erroneous. MCR 5.974(I); *In re Cornet,* 422 Mich 274, 277; 373 NW2d 536 (1985). Findings are clearly erroneous when, although there is evidence to support them, this Court is left with a definite and firm conviction that a mistake has been made. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

We find no mistake here. The evidence showed that respondent's alcoholism together with her denial of the problem, disinclination to correct it, and failure to cooperate in a treatment setting resulted in respondent's failure to provide her children with proper food and shelter as well as other physical and emotional necessities. See *In re Ovalle,* 140 Mich App 79, 83; 363 NW2d 731 (1985), lv den 422 Mich 856 (1985). Hence respondent's neglect posed serious threats to her children's future welfare. *In re Harmon,* 140 Mich App 479, 482-483; 364 NW2d 354 (1985).

Clear and convincing evidence supports the probate court's finding of neglect.

Affirmed.