*In re* SYSTMA

Docket No. 145259. Submitted November 4, 1992, at Grand Rapids. Decided December 8, 1992, at 10:05 A.M.

The Department of Social Services petitioned the Kent Probate Court for termination of the parental rights of Ronald Systma, an incarcerated convict, in his son, James Systma, alleging the respondent's failure or inability to provide proper care. The child's mother, who had legal custody following a divorce from the respondent, had temporarily entrusted the child to her brother shortly before she died. Although the mother had named a guardian for the child in her will, guardianship proceedings had not been commenced at the time the petition was filed. The court, Donald J. DeYoung, J., terminated the respondent's parental rights. The respondent appealed, claiming that the court lacked jurisdiction of the child and that there was insufficient evidence of a failure or inability to provide proper care.

The Court of Appeals *held:*

1. MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1) confers upon the probate court jurisdiction of any child under seventeen years of age who is without proper custody or guardianship. In this case, proper custody and guardianship were lacking because of the custodial parent's death and the absence of guardianship proceedings. The probate court had jurisdiction of the child.

2. There was sufficient evidence of the respondent's failure or inability to provide proper care, given his long criminal record, drinking problem, and lack of contact with the child since the divorce.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Gregory T. Boer,* Assistant Prosecuting Attorney, for the petitioner.

*Michael L. Idema,* for the respondent.

Before: Hood, P.J., and Sawyer and Jansen, JJ.

Per Curiam. Respondent Ronald Systma appeals as of right from the termination of his parental rights in his son, James Systma, on the ground of failure or inability to provide proper care, MCL 712A.19b(3)(g); MSA 27.3178(598.19b)(3)(g). This appeal does not concern the rights of the other respondents to James' brother, Christopher Stevens. The mother of the children is dead. We affirm.

Appellant first argues that the probate court order terminating his parental rights is void because the court never properly had jurisdiction over the child. See *In re Waite,* 188 Mich App 189; 468 NW2d 912 (1991). We disagree.

The evidence below was undisputed that, when the child's mother went into the hospital for the last time before her death, she was unable to secure help from her relatives in caring for the children. Appellant was in prison, and therefore unavailable, and had not kept in contact with his child since his divorce from the child's mother years earlier. The mother therefore contacted petitioner and voluntarily placed the children in foster care. Sometime during the two-week period that followed, she allowed the children to go home with her brother and his wife. The children were with these relatives when their mother died.

The social workers who testified agreed that the placement with the uncle was temporary. The mother's pastor likewise testified that the mother wanted him to find a family to permanently adopt both children. In her will, the mother named her church's social work agency as guardian of the children. No guardianship proceedings were instituted before her death.

The Probate Code confers upon the probate

court jurisdiction over children under seventeen years of age who are "without proper custody or guardianship." MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1). As pointed out by appellant, a child who is placed by the custodial parent in the temporary care of relatives is not "without proper custody or guardianship" unless the care being provided is neglectful. *In re Taurus F,* 415 Mich 512, 535; 330 NW2d 33 (1982) (no jurisdiction), app dis sub nom *Finney v Michigan Dep't of Social Services,* 464 US 923; 104 S Ct 323; 78 L Ed 2d 296 (1983) (for want of substantial federal question), reh den 464 US 1064 (1984); *In re Hurlbut,* 154 Mich App 417, 423; 397 NW2d 332 (1986) (finding jurisdiction); *In re Curry,* 113 Mich App 821, 826-827; 318 NW2d 567 (1982) (no jurisdiction); *In re Ward,* 104 Mich App 354, 360; 304 NW2d 844 (1981) (no jurisdiction). Appellant argues that there is no jurisdiction in this case because the children had been placed by their mother in the care of relatives. We disagree.

In *Taurus, Ward,* and *Curry,* unlike this case, the custodial parent who placed the child in the custody of others was alive. See *Taurus, supra* at 516 (incarcerated); *Curry, supra* at 823 (incarcerated); *Ward, supra* at 356-357 (impoverished). Furthermore, in those cases it was *that* parent whose rights the state sought to terminate. See *Taurus, supra* at 535-537; *Curry, supra* at 823; *Ward, supra* at 356.

In this case, on the other hand, the sole custodial parent who entrusted the children to the care of others is dead. See *Hurlbut, supra* at 420. Further, as in *Hurlbut,* the noncustodial parent was in prison at the time of the other parent's death and therefore unavailable. *Id.* at 419. Also as in *Hurlbut,* there was no legal guardian ap-

pointed for the children before their mother's death. *Id.* at 421-422.

Appellant correctly points out that, unlike in *Hurlbut,* the children in this case were in the care of relatives at the time of the mother's death and argues that, therefore, they were not without proper care or guardianship. We disagree.

Guardianship is a legal term of art. *Id.* at 421. Creating it requires court intervention. *Id.* at 421-422. In this case, as in *Hurlbut,* there was no such intervention and the children therefore had no legal guardian at the time of their mother's death, despite being in the care of relatives and despite there being a guardian named in their mother's will. *Id.*

Likewise, the children were without proper care for several reasons. First, several times before their mother's death, petitioner had been called upon to provide foster care for the children because relatives were either unwilling or unable to care for them. At the time the petition was filed, there was no indication that their uncle and his wife would be willing to care for them indefinitely.

Second, once the mother died, there was no one authorized to consent to medical treatment for the children. This was important because James, and perhaps also Christopher, suffered from the disease that killed their mother, gamma globulinemia, and required frequent medical care. In fact, James required blood transfusions at least once every three months and suffered from asthma and from an enlarged spleen.

We also reject appellant's argument that he tried to arrange for the children to receive proper care and custody from his mother. As noted before, appellant was in prison and could not himself provide proper care and custody. Further, there

was no evidence that his mother actually offered to take custody of the children until his release. Additionally, even if she did so offer, it was not until some time after the children's mother died and the petition was filed. Therefore, at the time the court took jurisdiction, the children were indeed without proper care or guardianship.

Appellant next argues that there was insufficient evidence to support the termination of his parental rights. We disagree. The undisputed evidence showed that appellant had not kept in regular touch with James since he divorced the child's mother years earlier. By his own admission, he has a very long criminal record and a drinking problem. Additionally, before termination, he was released from prison and managed to commit another crime and be reincarcerated within less than two weeks. At the time of termination, his earliest release date was a year later. We find that the probate court's finding that appellant was unable or unwilling to provide James with proper care and custody was amply supported by the record.

Affirmed.