IN THE MATTER OF FRASIER

Docket No. 81165. Submitted October 9, 1985, at Lansing.—Decided December 3, 1985.

The Washtenaw Probate Court, Henry D. Arkison, J., entered an order terminating the parental rights of Charlotte and Michael Frasier to their children, Jennifer and Michelle Frasier. Both parents appealed, alleging that the court erred by using an improper standard of proof and by admitting, over timely objection, hearsay evidence. *Held:*

1. The record supports the trial court's findings by clear and convincing evidence, in the dispositional phase, that the children were neglected and suffered sexual abuse over a long period of time.

2. The probate court erroneously admitted hearsay statements into evidence in the adjudicative phase of a termination of parental rights proceeding. However, the error is harmless since the evidence presented, notwithstanding the inadmissible hearsay statements, overwhelmingly proved, by a preponderance of the evidence, that the children were abused by their parents and others.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE — COURT RULES.

In cases involving termination of parental rights, the standard of proof is "by a preponderance of the evidence" in the adjudicative phase and, in the dispositional phase, the standard is "clear and convincing evidence" (JCR 1969, 8.3, now MCR 5.908[C]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVIDENCE — COURT RULES.

In the adjudicative phase of a termination of parental rights proceeding, only competent, relevant, and material evidence is admissible (JCR 1969, 8.3[a], now MCR 5.908[C][1]).

REFERENCES

Am Jur 2d, Parent and Child §§ 5, 8-25.
Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William I. Delhey,* Prosecuting Attorney, and *Larry Burgess,* Assistant Prosecuting Attorney, for the Department of Social Services.

*Joseph Cutro,* for respondents Charlotte and Michael Frasier.

*Howard Grodman,* for the minor children.

Before: J. H. GILLIS, P.J., and CYNAR and R. L. EVANS,* JJ.

PER CURIAM. Respondents, the legal parents of Jennifer Frasier, born in 1975, and Michelle Frasier, born in 1977, appeal from an order terminating their parental rights.

The Michigan Department of Social Services (DSS) became aware of a problem with the children based on an allegation of physical abuse as to Jennifer Frasier. On March 14, 1984, following the filing of an emergency petition, the children were removed from the custody of respondents and placed in foster care. After petitions were filed on March 21, 1984, hearings were held on March 26, 1984, and respondents pled no contest to the allegations. The court continued placement in foster care. On June 27, 1984, petitions for termination of respondents' parental rights were filed. The petitions alleged that respondents had sexually abused their children and had failed to protect their children from sexual abuse by others. On July 16, 1984, at a plea hearing held on the petitions, respondents contested the allegations. A pretrial conference was set for August 8, 1984. At the pretrial conference, a hearing on respondents'

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

motion to withdraw their no contest pleas to the emergency petitions was set for August 28, 1984, and a non-jury trial was set for October 9-10, 1984. On August 28, 1984, the respondents' motion to withdraw their pleas of no contest was denied; however, the court ruled that the pleas of no contest could not be mentioned or referred to in the petition to terminate parental rights. On October 9-10, 1984, a non-jury trial was held, and the trial court ordered termination of parental rights and set the dispositional hearing for October 29, 1984. Responents' parental rights were terminated at the conclusion of the dispositional hearing.

Respondents submit two issues for appellate consideration, neither of which require reversal.

In the first issue respondents infer that the trial court found that the standard of proof in a termination action is by a preponderance of the evidence and not clear and convincing evidence. The record does not support this position.

The juvenile court rules divide child protection proceedings into two phases—adjudicative and dispositional. JCR 1969, 8.1 (now MCR 5.908[A]) provided:

"(a) Adjudicative Phase. The adjudicative phase determines whether the child comes within the court's jurisdiction under MCLA 712A.1 *et seq.;* MSA 27.3178(598.1) *et seq.,* as alleged in the petition. There is a right to jury trial.

"(b) Dispositional Phase. The dispositional phase determines measures to be taken by the court with respect to the child and adults properly within its jurisdiction if the court has determined at the adjudicative phase that the child comes within the statute. There is no right to jury trial."

The primary differences between the two phases is

the type of evidence that may be introduced and the standard of proof.

"(a) Adjudicative Phase. Absent a valid plea in confession, only competent, relevant, and material evidence is admissible at the adjudicative phase. In a case involving an offense by a child, the rules of evidence for a criminal proceeding and the standard of proof beyond a reasonable doubt apply. In a case involving an offense against a child, the rules of evidence for a civil proceeding and the standard of proof by a preponderance of the evidence apply.

"(b) Dispositional Phase. In the dispositional phase only relevant and material evidence may be considered. Clear and convincing evidence is required to terminate parental rights." JCR 1969, 8.3 (now MCR 5.908[C]).

On October 10, 1984, at the conclusion of the petitioner's proofs, defense counsel exercised her right to make an opening statement which she had previously reserved. At the commencement of defense counsel's statements, an exchange took place between defense counsel and the trial judge. A fair reading of the record at this point indicates some lack of communication. All the same, it is clear, the trial judge recognized that in cases involving termination of parental rights, the standard of proof is "by a preponderance of the evidence" in the adjudicative phase and, in the dispositional phase, the standard is "clear and convincing evidence". The trial judge's expressions indicate that he considered the October 9th and 10th hearings as adjudicative.

At the conclusion of the proofs and arguments, the trial judge noted the standard required was preponderance of the evidence, although the proofs were much stronger, being clear and convincing. The trial court felt that, because of the parents' neglect, there was no alternative but to terminate

and accordingly ordered the parental rights terminated. The trial court set a dispositional hearing for October 29th, on which date the parents were to be afforded an opportunity to present testimony. The trial court reserved a final ruling on the termination of parental rights pending the October 29th dispositional hearing, disposition to be based on clear and convincing evidence.

Since the trial court recognized the hearings on October 9th and 10th as adjudicative, we are forced to conclude that the court's termination of parental rights was in error; however, such error is of no effect since termination correctly followed the October 29th dispositional hearing.

At the October 29th hearing, one witness, the social worker in charge of the case, was called in behalf of petitioner. She testified and recommended termination based on the testimony heard at the October 9-10th trial and the reports of Dr. Kathleen Faller, Dr. Elizabeth Knueven and Dr. Okey. Defense counsel offered no objection. No witnesses were called in behalf of the respondents. The trial court found by clear and convincing evidence that the children were neglected and suffered sexual abuse over a long period of time. We conclude that the record supports the trial court's findings that the allegations which resulted in the termination of respondents' parental rights had been proven by clear and convincing evidence.

The respondents contend that the out-of-court statements of the children, repeated by Dr. Faller, were offered to prove their truth and are, therefore, hearsay and inadmissible.

At the October 10, 1984, trial, Dr. Faller, a qualified expert in the field of child sexual abuse, indicated on direct examination that, while interviewing the children, he asked Michelle whether or not any sexual things had happened with either

parent. She sort of spontaneously said that she and Jennifer took baths with their mother. At this point, the record reflects the following:

"*Defense counsel:* I'll object, your Honor. I think this is hearsay.
"*The Court:* I'll overrule that. Go ahead. This is an expert testifying. Go ahead.

Dr. Faller proceeded to testify about what Michelle and Jennifer told him. As a result of the interviews, a report was prepared and, after the DSS requested that the report be filed with the court, it was filed and is contained in the court file. This report was marked as an exhibit and was offered as evidence. Defense counsel was asked whether there was any objection to the admission of the report. There being no objection, the report was received into evidence.

As indicated in our discussion under the first issue herein, there was no objection to the petitioner's proofs at the October 29th dispositional hearing.

While considering this question as presented, we note that no objection was made to Dr. Faller's report which was received into evidence. Further, there was a timely objection to the testimony which was to follow concerning the statements made by the children to Dr. Faller. However, there is a question as to whether the objection was timely made to include all the prior testimony of Dr. Faller concerning the children's statements.

The juvenile court rules, JCR 1969, 8.3(b) (now MCR 5.908[C][2]), allow the use of hearsay testimony during the dispositional phase. *In the Matter of Hinson,* 135 Mich App 472; 354 NW2d 794 (1984); *In re Kantola,* 139 Mich App 23; 361 NW2d 20 (1984).

The objection to the children's statements testified to by Dr. Faller was made during the adjudicative phase of this proceeding. In the adjudicative phase, only competent, relevant, and material evidence is admissible. JCR 1969, 8.3(a) (now MCR 5.908[C][1]). Therefore, Dr. Faller's testimony concerning the children's statements, following timely objection, was not admissible. However, we find this error during the adjudicative hearing to be harmless.

In this case, involving an offense against a child, the standard of proof is that of a preponderance of the evidence. The evidence presented to determine whether the child comes within the court's jurisdiction, even if the properly objected-to testimony of Dr. Faller were excluded, overwhelmingly proved that Jennifer and Michelle Frasier were abused by their parents and others.

Affirmed.