*In re* NUNN

Docket No. 96956. Submitted June 24, 1987, at Grand Rapids. Decided April 19, 1988.

The Ogemaw County Department of Social Services filed with the Ogemaw County Probate Court a petition requesting that the court take jurisdiction over Gene A. Nunn, Tina M. Nunn, James Pemberton and Lynn M. Jansen, all children of Ruth A. Jansen, on the basis of child neglect. Following a preliminary hearing, the children were made temporary wards of the court. The court thereafter commenced an extended evidentiary hearing. Following the hearing, the court, William H. McCready, J., issued an opinion and order which terminated the parental rights of respondent mother and of the fathers and putative father of the four children. Respondent mother appealed, arguing that the probate court committed error mandating reversal by failing to denominate or identify a portion of the hearing as being dispositional and by the failure to provide adequate notice to respondent mother that termination of her parental rights was to be considered at the hearing.

The Court of Appeals *held:*

1. The court rules provide that a juvenile court hearing shall consist of an adjudicative phase, at which the court's jurisdiction over the matter is determined, and a dispositional phase, at which the measures that the court shall take with respect to the child and adults within its jurisdiction are determined. While there need be no interval between the two phases, it is error mandating reversal for a probate court to fail to indicate when the adjudicative phase has ended and the dispositional phase has begun.

2. Error mandating reversal also arose from the failure to afford respondent mother adequate notice of the fact that the

REFERENCES

Am Jur 2d, Juvenile Courts and Dependent and Delinquent and Dependent Children §§ 16 *et seq.*, 34 *et seq.*

Am Jur 2d, Parent and Child §§ 7, 41 *et seq.*

Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

question of the termination of her parental rights was to be
considered.

Reversed.

T. K. BOYLE, J., concurred. He, however, would limit the basis
for reversal to the fact that the probate court failed to indicate
when the adjudicative phase had ended and the dispositional
phase had begun. He would not reach the question of notice of
the nature of the proceedings.

1. COURTS — PROBATE COURTS — JUVENILE PROCEEDINGS — ADJUDICA-
   TIVE PHASE — DISPOSITIONAL PHRASE.

   Proceedings in the juvenile division of the probate court relating
   to the protection of children are to consist of an adjudicative
   phase, in which it is determined whether the child comes
   within the court's jurisdiction, and a dispositional phase, in
   which the court determines the measures to be taken by the
   court with respect to the child and adults properly within its
   jurisdiction; it is error mandating reversal for the probate court
   to proceed from the adjudicative phase to the dispositional
   phrase without indicating that the dispositional phase has
   begun (MCR 5.908).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — PLEAD-
   ING — NOTICE.

   It is error mandating reversal for a probate court to terminate
   the parental rights of a parent of a child over whom the court
   has assumed jurisdiction where the petition filed with the court
   did not seek termination of parental rights and the parent was
   not apprised of the possibility of termination of parental rights
   until the time of closing arguments.

*Lynn B. Dunbar,* Prosecuting Attorney, and
*Richard E. Noble,* Assistant Prosecuting Attorney,
for Ogemaw County Department of Social Services.

*Jennings & Turkelson, P.C.* (by *William P. Jen-
nings, Jr.*), for Ruth A. Jansen.

Before: WAHLS, P.J., and R. M. MAHER and T. K.
BOYLE,* JJ.

PER CURIAM. Ruth Ann Jansen (hereinafter re-

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

spondent) appeals as of right from a November 7, 1986, order of the Ogemaw County Probate Court which terminated her parental rights to her four minor children: Gene Allan Nunn, born September 25, 1977; Tina Marie Nunn, born May 26, 1979; Lynn Marie Jansen, born October 23, 1982; and James Pemberton, born April 4, 1984. We reverse and remand.

On July 16, 1986, petitions were filed by a social worker employed by the Ogemaw County Department of Social Services, alleging that respondent's children came within the provisions of MCL 712A.2(b); MSA 27.3178(598.2)(b), due to neglect, requesting that the juvenile division of the probate court take jurisdiction of the children. Following a preliminary hearing conducted on July 18, 1986, before a probate court referee at which several witnesses testified, the petitions were authorized and the children were made temporary wards of the court. On August 18 and 26, 1986, and October 6, 7 and 17, 1986, an adjudicative hearing was held in the probate court at which numerous witnesses testified, including social workers, mental health workers, a clinical psychologist, teachers, a school counselor, police officers, respondent's neighbors, respondent's mother, brother and husband, and respondent herself. On November 7, 1986, an opinion and order was issued terminating the parental rights of respondent, the mother of the four minor children, of Michael Johnson, the putative father of Lynn Jansen, of Ralph Nunn, the father of Gene Nunn and Tina Nunn, and of James Pemberton, the father of James Pemberton.

On appeal, respondent argues that error mandating reversal occurred when the trial court failed to denominate or identify a portion of the hearing as dispositional, thus terminating her pa-

rental rights after completing only the adjudicative phase of the proceeding. We agree.

MCR 5.908(A) describes the two phases—adjudicative and dispositional—which comprise a juvenile court proceeding:

(A) Phases of Hearing. A juvenile court hearing on the formal calendar consists of an adjudicative phase and a dispositional phase.

(1) Adjudicative Phase.

(a) The adjudicative phase determines whether the child comes within the court's jurisdiction under the juvenile code as alleged in the petition. There is a right to jury trial.

(b) Unless adjourned for good cause, the adjudicative phase must be heard within 42 days after the conclusion of the preliminary hearing, if the child has been detained.

(2) Dispositional Phase.

(a) The dispositional phase determines measures to be taken by the court with respect to the child and adults properly within its jurisdiction, if the court has determined at the adjudicative phase that the child comes within the statute. There is no right to jury trial.

(b) The interval between the adjudicative phase and the dispositional phase, if any, is within the court's discretion, but may not be more than 28 days after the adjudicative hearing without the parties' consent or without good cause, if the child is taken into custody and not released to a parent, guardian, relative, or other proper custodian.

Respondent, emphasizing that the probate court issued its order terminating parental rights at the conclusion of the adjudicative phase of the proceeding, contends that MCR 5.908(A) clearly envisions a procedure whereby a respondent is advised of the court's determination after the adjudicative phase and then is given an opportunity to present proofs opposing an unfavorable dispositional order.

Petitioner, on the other hand, argues that the dispositional phase merely establishes the measures to be taken by the court once it has determined in the adjudicative phase that the child comes within the statutory jurisdiction of the court.

In the present case, petitions were filed on July 16, 1986, requesting the juvenile division of the probate court to take jurisdiction of respondent's four minor children, not to terminate respondent's parental rights. An exhaustive adjudicative hearing was subsequently conducted. The purpose of the adjudicative phase of a juvenile court hearing is to determine "whether the child comes within the court's jurisdiction under the juvenile code as alleged in the petition." MCR 5.908(A)(1)(a); MCL 712A.2; MSA 27.3178(598.2). However, no dispositional hearing followed. In *In re Frasier,* 147 Mich App 492, 496; 382 NW2d 806 (1985), this Court recognized that a probate court's termination of parental rights prior to the holding of a dispositional hearing constitutes error. Such conclusion seems particularly justified in light of the statement in the relevant court rule that a juvenile court hearing consists of "an adjudicative phase *and* a dispositional phase." (Emphasis added.) MCR 5.908(A). At no time in the instant case did the probate judge indicate that the adjudicative phase of the hearing had concluded and the dispositional phase had begun. Moreover, petitioner at no time sought by proper petition the termination of respondent's parental rights.

The fact that evidence admitted at any hearing in the probate court proceeding may be considered as evidence in all subsequent hearings, *In re La-Flure,* 48 Mich App 377, 391; 210 NW2d 482 (1973), lv den 390 Mich 814 (1973), does not thereby empower the probate court simply to con-

flate all required hearings into one proceeding. The dispositional phase was clearly intended to occur subsequent to, and not simultaneously with, the adjudicative phase. And although the court rule permits the interval between the two phases, "if any," to be "not more than 28 days" without the parties' consent or good cause shown if the child is taken into custody, both phases still must be completed prior to the termination of parental rights. MCR 5.908(A)(2)(b).

In reaching our conclusion that error mandating reversal occurs where a probate court fails to conduct a dispositional hearing prior to the termination of a respondent's parental rights, we are mindful that significant differences exist between the two phases of a juvenile court proceeding, for example: there is a right to a jury trial during the adjudicative, but not during the dispositional phase, MCR 5.908(A)(1)(a) and (A)(2)(a); during the adjudicative phase, in a proceeding involving an offense against a child, the applicable standard of proof is proof by a preponderance of the evidence, whereas during the dispositional phase, clear and convincing evidence is required to terminate parental rights, MCR 5.908(C)(1) and (C)(2); and during the adjudicative phase, normally only competent, relevant, and material evidence is admissible, with the rules of evidence for civil actions applying in a proceeding involving an offense against a child, whereas during the dispositional phase, any relevant and material evidence—and hence possibly even hearsay evidence—may be considered, *id.; In re Frasier, supra,* pp 497-498.

Additionally, we note that not insignificant due process considerations are implicated when a probate court terminates a respondent's parental rights before a proper petition seeking such termination has been filed. A defendant must always be

afforded notice of the nature of the proceedings and an opportunity to be heard. *In re Slis,* 144 Mich App 678, 683; 375 NW2d 788 (1985). Regarding proceedings in the juvenile division of the probate court, the court is required to "proceed in a manner so as to safeguard procedural rights and the proper interests of the child, the child's parents, guardians, or custodian, and the public." MCR 5.901(B). Moreover, a complaint or petition must set forth any charges against a parent "with sufficient clarity and specificity to reasonably apprise [the parent] of the matters concerning which court action is sought." MCR 5.904(A)(1). In this case, the petitions filed on July 16, 1986, cited the provisions of MCL 712A.2(b)(1), (2); MSA 27.3178(598.2)(b)(1), (2), and thus merely requested that the juvenile court take jurisdiction of respondent's children. No request to terminate respondent's parental rights was made, and no supporting statutory provision therefor was referenced. Petitioner's failure to place in the record its intent to terminate respondent's parental rights until final argument violated the applicable court rules and jeopardized respondent's right to due process. This conclusion is further buttressed by the fact that the petitions failed to adequately notify respondent of the crucial and damaging allegation presented at trial regarding the children's long-term emotional neglect.

Having determined that the termination of respondent's parental rights by the probate court prior to the conducting of the dispositional phase of the proceeding was erroneous, we need not determine whether the evidence produced during the adjudicative phase alone was sufficiently clear and convincing to justify a termination of respondent's parental rights on the basis of neglect.

The order terminating respondent's parental

rights is vacated, and the case is remanded to afford petitioner the opportunity to file an appropriate petition and the court the opportunity to conduct a dispositional hearing. We do not retain jurisdiction.

Reversed.

T. K. BOYLE, J. *(concurring)*. I agree with the majority's conclusion that jurisdictional and dispositional hearings may not be combined in the manner that occurred here. MCR 5.908(A) describes the two phases of hearing and provides that the interval between the phases, "if any," is within the court's discretion, but may not be more than twenty-eight days (without consent or good cause). This rule supports the conclusion that no particular time need elapse between the two phases, but also indicates that there are distinct phases of the process, each of which must be separately identified. I, therefore, concur in the conclusion that the trial court erred when it failed to designate or identify a portion of the hearing as dispositional.

Having concluded that there was a violation of an integral procedural right, it is unnecessary to reach the issue of whether appellant had actual notice of the allegations that the children were suffering from long-term emotional neglect. Whether and at what point during this "exhaustive adjudicative hearing" appellant had adequate notice of the allegations made against her need not be determined here.