*In re* NELSON

Docket No. 131524. Submitted May 15, 1991, at Grand Rapids. Decided July 9, 1991, at 9:10 A.M.

Connie Nelson petitioned the Benzie County Probate Court, Juvenile Division, to assume jurisdiction over Nickolas R. Nelson, the minor son of her daughter, respondent Renee M. Nelson, alleging that the respondent had abandoned the child by leaving him in the petitioner's care and failing to communicate with or support the child. The court, John F. Huft, J., following an adjudication hearing, assumed jurisdiction over the child, made him a ward of the court, and subsequently entered an order terminating the respondent's parental rights. The respondent appealed.

The Court of Appeals *held:*

Insufficient evidence was presented at the adjudicative hearing to prove the allegations in the petition by a preponderance of the evidence. Therefore, the court's assumption of jurisdiction was improper.

A parent's placement of a child in a relative's home where the child receives adequate care does not prove that the child is without proper custody or guardianship for purposes of the statute authorizing a probate court's assumption of jurisdiction over a child, MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1). Nor does the placement, in and of itself, evidence a failure to provide proper and necessary support for the child.

Reversed.

*Zerafa Law Offices, P.C.* (by *Richard J. Zerafa*), for the petitioner.

*McKay & McKay* (by *Joan Swartz McKay*), for the respondent.

Before: HOOD, P.J., and McDONALD and FITZGERALD, JJ.

PER CURIAM. Respondent appeals as of right

from a June 6, 1990, order terminating her parental rights to her minor child, Nickolas Nelson. We reverse.

Respondent was twenty-one years old and unmarried at Nickolas' birth on May 25, 1985. When the child was approximately two months old, respondent left him in the care of her mother, Connie Nelson, hereafter petitioner, so that respondent could attend out of town training courses for employment with the State of Michigan. Although the parties dispute whether respondent attempted to regain custody of the child before March 1988, there is no dispute that respondent and petitioner remained in contact and discussed respondent's circumstances and stability in reference to her ability to regain custody of the child. Additionally, although respondent did not provide monetary support for the child, she did maintain some contact with him in the form of birthday and Christmas presents and the provision of odds and ends like car seats and shoes.

After petitioner failed to relinquish the child in March 1988, and upon the advice of an attorney, respondent sought the help of the Benzie County Sheriff's Department in late 1988 to regain physical custody of the child. Shortly after this attempt failed, on September 1, 1988, petitioner filed a petition requesting the probate court to assume jurisdiction over the child pursuant to MCL 712A.2(b); MSA 27.3178(598.2)(b). The petition alleged that respondent abandoned the child on July 1, 1985, when she moved to Holland, Michigan, and left him in petitioner's care, that respondent failed to make regular or substantial efforts to communicate with the child, that she failed to provide support for the child, and that she was mentally unstable and unable to provide a stable environment for the child.

At a November 16, 1988, adjudication hearing, petitioner's counsel contended that the probate court had jurisdiction over the matter based on respondent's failure to provide support and alleged failure to communicate with the child for a period of at least six months after leaving the child in petitioner's care. This, it was argued, evidenced abandonment as set forth in MCL 712A.19a(b); MSA 27.3178(598.19a)(b) at the time the petition was filed, and vested the court with jurisdiction. In contrast, while respondent's counsel conceded that respondent allowed her child to remain with petitioner without providing monetary support, she refuted that this vested the court with jurisdiction over the child. The court, apparently accepting petitioner's arguments, exercised jurisdiction over the child and made him a ward of the court.

On appeal, respondent claims the probate court erred in assuming jurisdiction over her child. We agree. A probate court is a court of limited jurisdiction, deriving its powers solely from the constitution and from statutes. *In re Waite,* 188 Mich App 189; 468 NW2d 912 (1991). At the time the petition in the instant case was filed, MCL 712A.2(b); MSA 27.3178(598.2)(b), the statute authorizing a probate court's assumption of jurisdiction over a child, conferred jurisdiction to the probate court in proceedings concerning a child who lived within the county, was under seventeen years of age, and

> (1) Whose parent or other person legally responsible for the care and maintenance of the child, when able to do so, neglects or refuses to provide proper or necessary support, education as required by law, medical, surgical, or other care necessary for his or her health or morals, or who is deprived of emotional well-being, or who is abandoned by his or her parents, guardian, or other custodian, or

who is otherwise without proper custody or guardianship.

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, or other custodian, is an unfit place for the child to live in.

Examining the September 1 petition, it appears both statutory bases for the assumption of jurisdiction by the probate court were alleged. However, before assumption of jurisdiction by the probate court, there must be an adjudicative hearing, at which the allegations contained in the petition must be proven by a preponderance of the evidence. *In re Nash,* 165 Mich App 450; 419 NW2d 1 (1987). We do not believe sufficient evidence was presented at the November 16, 1988, adjudicative hearing to enable the probate court to find the allegations in the instant petition proven by a preponderance of the evidence. No testimony was taken, and the limited testimony taken at the preliminary hearing was not introduced. The only information presented to the court was counsels' arguments and respondent's concession that she left her child with her mother in July of 1985 and had not provided him with monetary support since that time. As previously noted, petitioner's counsel argued that the fact respondent left the child with petitioner without providing support created a presumption of abandonment pursuant to § 19a(b) and thus was sufficient evidence to enable the court to assume jurisdiction over the child. This argument is without merit, however, because § 19a(b) pertains to the circumstances supporting the ultimate termination of parental rights once jurisdiction has already been assumed, not to circumstances justifying the assumption of jurisdiction.

We are unable to determine whether the probate court accepted petitioner's erroneous reason-

ing, because the court failed to make findings of fact or explain its basis for assuming jurisdiction, merely stating after counsels' arguments "Okay. Thank you. Well in accordance with the statutory provisions, the court finds that it does have jurisdiction over Nickolas Nelson." Neither did the court provide the basis for its assumption of jurisdiction in its accompanying order, stating simply, "It is hereby ordered that this court finds jurisdiction in the matter of Nickolas Robert Nelson." We find the only evidence before the court, that respondent placed her child in her mother's custody for an extended period of time without providing monetary support, insufficient evidence upon which to assume jurisdiction. As noted by panels of this Court in *In re Ward,* 104 Mich App 354; 304 NW2d 844 (1981), and *In re Curry,* 113 Mich App 821; 318 NW2d 567 (1982), the placement by a parent of a child in a relative's home where the child receives adequate care does not render the child to be "without proper custody or guardianship" for purposes of § 2(b)(1) of the statute. Nor do we believe the placement in and of itself evidences a failure to provide proper and necessary support for the child. On the contrary, a parent's decision to place a child in a home where it will receive proper care evidences concern for the child, not neglect or abandonment.[1]

Given the complete lack of evidence and resultant lack of findings by the probate court at the adjudicative hearing, we find the original assumption of jurisdiction over the minor child improper. Consequently, the probate court was without jurisdiction to proceed to the termination of respondent's parental rights. *Waite, supra.* The June 6,

[1] See also Justice WILLIAMS' opinion in *In re Taurus F,* 415 Mich 512; 330 NW2d 33 (1982).

1990, order terminating respondent's parental rights is therefore vacated.

Reversed.