*In re* BECHARD

Docket No. 171636. Submitted December 14, 1994, at Lansing. Decided May 23, 1995, at 9:20 A.M.

The Department of Social Services petitioned the Sanilac County Probate Court for termination of the parental rights of Vincent J. Bechard to six children on the basis of the respondent's incarceration in prison and the children's consequent lack of a normal home for a period exceeding two years. The court, George E. Benko, J., conducted a hearing at which it assumed jurisdiction on the basis of the consent of the respondent's wife, who was not a party to the proceeding, and received the testimony of a social worker who was familiar with the case. The court held a subsequent hearing at which it received additional testimony and ultimately terminated the parental rights of the respondent. The respondent appealed by leave granted from the order that was entered after the second hearing.

The Court of Appeals *held:*

1. *In re Hatcher,* 443 Mich 426 (1993), which stands for the proposition that a probate court's exercise of jurisdiction is not subject to collateral attack, does not preclude the respondent's appeal. The collateral estoppel bar of *Hatcher* can only be raised if, at the adjudicatory stage, there was a written order from which the respondent could appeal the taking of jurisdiction. The initial hearing in this case was a preliminary inquiry at which the court, pursuant to MCR 5.962, should have dismissed the complaint or denied authorization of the petition, referred the matter to alternative services, or authorized the filing of the petition. Instead, the court conducted an adjudication. However, the order that was entered after the initial hearing can only be construed to have authorized the filing of a petition, and not an assumption of jurisdiction by the court. The order that followed the subsequent hearing can be construed as an order by which the court took jurisdiction, and it

REFERENCES

Am Jur 2d, Courts §§ 32, 104.
See ALR Index under Probate Courts and Proceedings.

is from that order that the respondent could, and did, pursue an appeal concerning the proceedings at the initial hearing.

2. The respondent's wife may not consent on behalf of the respondent to the taking of jurisdiction by the probate court.

3. The retirement of the probate judge in this case renders moot the respondent's claims that the judge was biased and prejudiced against him and that proceedings on remand should be before a different judge.

Reversed and remanded for further proceedings.

GRIFFIN, J., dissenting, stated that the probate court order should be affirmed because the respondent's collateral attack of the probate court's exercise of jurisdiction is prohibited by *Hatcher* and the issues that are properly before the Court of Appeals lack merit.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — PROBATE
     COURTS — SUBJECT-MATTER JURISDICTION — COLLATERAL AT-
     TACKS.

A probate court's exercise of jurisdiction over a petition for the termination of parental rights is not subject to collateral attack if an order expressly stating the taking of jurisdiction was entered and a direct appeal from such an order was available.

*Thomas P. Sarrine,* for the respondent.

Before: TAYLOR, P.J., and GRIFFIN and W. G. SCHMA,* JJ.

TAYLOR, P.J. Respondent appeals by leave granted the probate court order terminating his parental rights to six children. The termination proceedings followed respondent's guilty plea to a charge of criminal sexual conduct, second-degree, MCL 750.520c; MSA 28.788(3), involving his daughter. His rights were terminated on the basis of MCL 712A.19b(3)(h); MSA 27.3178(598.19b)(3)(h) (incarceration for two or more years/inability to provide a normal home life). We set aside the order terminating respondent's parental rights and remand the case for further proceedings.

This matter was initiated in the probate court

* Circuit judge, sitting on the Court of Appeals by assignment.

on February 10, 1993, by the filing of petitions requesting the termination of respondent's parental rights. At the first proceeding, on February 11, 1993, the court failed to state the nature of the hearing it was conducting; however, we conclude that the proceeding constituted a preliminary inquiry, governed by MCR 5.962.[1] Thus, at the February 11, 1993, proceeding, the court had three options regarding how it could proceed. Pursuant to MCR 5.962, the court could have (1) dismissed the complaint or denied authorization of the petition, (2) referred the case to alternative services, or (3) authorized the petition. From statements made by the court it is clear that the court declined to proceed under the first two options and must have decided to authorize the petition. In order to authorize the petition, the court must have found probable cause to believe that one or more of the allegations in the petition, as filed, were true. MCR 5.962(B)(3). Evidently, to that end, the court informed respondent of his constitutional rights, and also informed him that he could plead admission or no contest, in which case his right to trial would be waived. MCR 5.971. Rather than enter either plea, respondent requested that an attorney be appointed for him.

The court then received testimony from a Department of Social Services worker who was familiar with the facts of the case. Subsequently, after a brief recess, the court stated:

[Anita Bechard (the childrens' mother) is] agree-

---

[1] We reach this conclusion because the petition was not accompanied by a request for placement of the children, nor were the children in temporary custody. See MCR 5.965; *In re Hatcher,* 443 Mich 426, 434; 505 NW2d 834 (1993). Although the form the court used after the proceeding is entitled "Record of Preliminary Hearing," we cannot conclude that the February 11, 1993, proceeding was a preliminary hearing because the court failed to comply with the requirements of MCR 5.965(B).

able to giving the court jurisdiction, but she wants
an attorney for the disposition.

*    *    *

Okay. Now it's my understanding Mr. Bechard
will want a lawyer, but since one parent has given
jurisdiction, the court then does have jurisdiction
and we will proceed with the disposition phase of
it.

The import of these remarks was that an adjudica-
tion on the merits, i.e., proof of the charge by a
preponderance of the evidence, had taken place,
and that at the next proceeding the court would
make its disposition, i.e., decide whether respon-
dent's rights with regard to the children should be
terminated. The order entered on February 11,
1993, which covers the court's activities on that
day, is puzzling in light of the judge's oral state-
ments, but by its terms it does no more than
indicate that the court authorized the filing of the
petition.

In spite of the limited holding in the order, the
judge next acted in accordance with his oral state-
ments rather than his written order, and held the
dispositional hearing on July 15, 1993. At the
hearing, the respondent, now represented by coun-
sel, brought a motion objecting to the fact that the
court's assumption of jurisdiction based on Mrs.
Bechard's consent denied respondent his right to
trial. The court denied the motion and, following
testimony, the court terminated respondent's pa-
rental rights with regard to all of his children. The
written order of August 3, 1993, covering the
events on July 15, 1993, makes reference only to
the fact that this hearing was for purposes of
disposition. On November 4, 1993, respondent re-
quested a rehearing, which the probate court de-
nied. Respondent claims on appeal that he was

deprived of his right to a trial in this matter. We agree.

Petitioner argues that respondent waived appellate review of this issue by failing to timely pursue his appeal. In particular, it is argued that the claimed error in the February 11, 1993, proceeding should have been appealed immediately following that proceeding and that failure to do so precludes later appeal. It is an argument that sounds in collateral estoppel with authority from the recent Supreme Court decision in *In re Hatcher,* 443 Mich 426; 505 NW2d 834 (1993). While we recognize that *Hatcher* stands for the proposition that the probate court's exercise of its jurisdiction is not subject to collateral attack, we conclude on the basis of the circumstances in this case that *Hatcher* does not preclude this Court from reviewing the issues raised by respondent on appeal.

The collateral estoppel bar of *Hatcher* can only be raised if, at the adjudicatory stage, there was a written order from which respondent could appeal. That is, that during the adjudicatory stage of the proceedings, an order must have been entered taking jurisdiction or no duty to appeal can arise following that phase. Specifically, the *Hatcher* opinion states, "Our ruling today severs a party's ability to challenge a probate court's decision years later in a collateral attack where a direct appeal was available." *Id.* at 444. In this case, there was no order expressly taking jurisdiction, and thus, no direct appeal was available. Indeed, the most that can be said is that the probate court's dispositional order of August 3, 1993, the last order of the probate court, must have implicitly encompassed, because no other order did, the necessary finding that Mr. Bechard was responsible for the allegations contained in the petitions and that the children came within the probate

court's jurisdiction.[2] Thus, not until August 3, 1993, did the right to appeal the adjudicatory stage arise. Accordingly, it must be held that respondent directly appealed from the only order that possibly covered the adjudication. Therefore, no collateral estoppel bar can be invoked and this matter can be considered on the merits.

The February 11, 1993, proceeding was not, and could not have been, an adjudicative hearing or trial. Pursuant to MCR 5.903(A)(17), all that the preliminary inquiry could accomplish was to determine an appropriate course of action with regard to the petitions. *Hatcher, supra* at 434. Accordingly, the most that the social worker's testimony and Anita Bechard's "consent to jurisdiction" could have accomplished was to establish probable cause to justify authorization of the petitions. This would have set the stage for appointment of counsel and an eventual trial. *Id.; In re Nelson,* 190 Mich App 237, 240; 475 NW2d 448 (1991); *In re Nunn,* 168 Mich App 203, 207-208; 423 NW2d 619 (1988). Accordingly, we vacate the order terminating respondent's parental rights and remand for a trial or an adjudication.

We note on remand that Mrs. Bechard's "consent to jurisdiction," or plea, cannot give the court jurisdiction with regard to the claims against Mr. Bechard. *Hatcher, supra* at 433. Mrs. Bechard had

---

[2] We emphasize that this is an assumption on our part because the August 3, 1993, dispositional order makes no mention of jurisdictional findings or statutory authority for its action. The order states in its entirety:

This matter having come on for hearing on July 15, 1993, regarding the dispositional hearing of the above minor children; the parties being present in open Court, and the Court being fully advised in the premises of the case;

IT IS HEREBY ORDERED that the parental rights of Vincent J. Bechard as to the minor children, D.V. Bechard, T.M. Bechard, J.L. Bechard, T.L. Bechard, J.J. Bechard, and J.V. Bechard, are terminated.

nothing to plead to because the petition seeking termination of respondent's rights did not allege neglect or abuse on her part. In fact, the petition seeking the termination of respondent's parental rights stated, "Mrs. Anita Bechard has been seen as acting properly as she was the individual who brought the child's abuse to the attention of authorities. Since the revelations regarding the abuse, Anita continues to protect her children." Furthermore, Michael Stevens, the DSS worker assigned to the Bechard case, testified that Mrs. Bechard "is behaving in a very prudent and appropriate manner in terms of assuring the safety of her children." Stevens went on to conclude that "I see absolutely no risk to the children while in Anita's care." Thus, Mrs. Bechard could not consent to jurisdiction because the claims of the petition did not encompass her.

Respondent further argues that the probate judge was biased and prejudiced against him, thus denying him a fair and impartial hearing and that a different judge should hear this matter on remand. This issue is moot because the judge who heard this matter is now retired, and this case therefore will be heard by another judge. Accordingly, we decline to address the bias issue that respondent raised.

Reversed and remanded for proceedings consistent with this opinion.

W. G. SCHMA, J., concurred.

GRIFFIN, J. *(dissenting)*. I respectfully dissent. Respondent appeals by leave granted an August 3, 1993, dispositional order of the probate court terminating his parental rights to six children. Respondent is currently incarcerated in a correctional facility serving a sentence of five to fifteen

years for criminal sexual conduct, second degree, involving a minor daughter.

In this appeal, respondent attempts to collaterally attack alleged errors committed during a February 11, 1993, adjudication hearing. Although respondent has not appealed the February 11, 1993, preliminary disposition order of the probate court, he now seeks reversal of the termination order on the basis of alleged errors committed at the prior hearing.

The majority recognizes that *In re Hatcher,* 443 Mich 426; 505 NW2d 834 (1993), "stands for the proposition that the probate court's exercise of its jurisdiction is not subject to collateral attack." *Ante,* p 159. Nevertheless, the majority attempts to distinguish *Hatcher* and proceeds to reverse the termination order on the basis of errors committed at the preliminary hearing. In my view, the collateral attack prohibited by *Hatcher* has been permitted by the majority.

Pursuant to *Hatcher,* I would not allow respondent to litigate alleged errors in the probate court's assumption of jurisdiction. With respect to the issues that are properly before this Court, I find none to have merit. I would affirm.