# STATE OF MICHIGAN

# COURT OF APPEALS

In re KALEIKILO, Minors.

UNPUBLISHED
February 12, 2015

No. 321277
St. Clair Circuit Court
Family Division
LC No. 13-000274-NA

Before: JANSEN, P.J., and TALBOT and SERVITTO, JJ.

PER CURIAM.

Respondent father appeals as of right the trial court order terminating his parental rights to the minor children pursuant to MCL 712A.19b(3)(b)(i),(ii),(j), and (k)(ii). We reverse and remand to the trial court for further proceedings consistent with this opinion pursuant to the holding in *In re Sanders*, 495 Mich 394; 852 NW2d 524 (2014).

The original petition sought jurisdiction of respondent minor children in this matter on October 2, 2013, and named both respondent father and the children's mother as respondents. The petition alleged that respondent father inappropriately touched his teenaged step-daughters and inflicted physical abuse upon his other children. The original petition sought termination of both respondent and the children's mother's parental rights. At a pre-trial hearing, the mother admitted to the allegations in the petition and the trial court assumed temporary jurisdiction over the children based upon her admissions, after which the request to terminate her parental rights was withdrawn. The matter was set for trial with respect to respondent father.

After several adjournments, a termination hearing with respect to respondent father was held on March 5, 2014. At the conclusion of the trial, the trial court issued an opinion and order terminating respondent father's parental rights to the minor children.

On appeal, respondent father contends that the trial court's order must be reversed based upon our Supreme Court's decision in *In re Sanders*, 495 Mich 394. In that case, our Supreme Court reaffirmed the principle that "[d]ue process requires that every parent receive an adjudication hearing before the state can interfere with his or her parental rights." *Id*. at 415. At issue in *Sanders* was the constitutionality of the "one-parent doctrine" wherein a court interferes with a parent's right to the care and custody of his or her children without determining that he or she is an unfit parent, but based instead solely upon its determination that the *other* parent is unfit.

-1-

*Sanders* begins by discussing the basic court rules, statutes, and procedures applicable to child protective proceedings in Michigan. In Michigan, child protective proceedings consist of two phases: the adjudicative phase and the dispositional phase. *Id*. at 404. "Generally, a court determines whether it can take jurisdiction over the child in the first place during the adjudicative phase. Once the court has jurisdiction, it determines during the dispositional phase what course of action will ensure the child's safety and well-being." *Id.* According to *Sanders*, to initiate a child protective proceeding, "the state must file in the family division of the circuit court a petition containing facts that constitute an offense against the child under the juvenile code (i.e., MCL 712A.2(b))." *Id*. at 405. The respondent parent can admit the allegations in the petition, plead no contest to them, or demand a trial and contest the merits of the petition. When the petition contains allegations of abuse or neglect against a parent, MCL 712A.2(b)(1), and those allegations are proved by a plea or at the trial, the adjudicated parent is deemed unfit. *Id*. "While the adjudicative phase is only the first step in child protective proceedings, it is of critical importance because '[t]he procedures used in adjudicative hearings protect the parents from the risk of erroneous deprivation' of their parental rights." *Id*. at 405 (internal citation omitted). "The purpose of the adjudicative phase of a juvenile court hearing is to determine whether the child comes within the court's jurisdiction under the juvenile code as alleged in the petition." *In re Nunn*, 168 Mich App 203, 207; 423 NW2d 619 (1988)(citations and quotation marks omitted). "Once a court assumes jurisdiction over a child, the parties enter the dispositional phase . . . . The court has broad authority in effectuating dispositional orders once a child is within its jurisdiction." *Sanders*, 495 Mich at 406. Ultimately, the dispositional phase ends with either the dismissal of the original petition and family reunification or the court's ordering the DHS to file a petition for the termination of parental rights. *Id*. at 407.

The *Sanders* Court explained that in order to proceed to the dispositional phase with respect to a parent, that particular parent must have first been adjudicated unfit. The Court explicitly held:

> When the state is concerned that *neither* parent should be entrusted with the care and custody of their children, the state has the authority—and the responsibility—to protect the children's safety and well-being by seeking an adjudication against *both* parents. In contrast, when the state seeks only to deprive *one* parent of the right to care, custody and control, the state is only required to adjudicate *that* parent. [*Id*. at 421-22.]

Thus, a disposition cannot be entered concerning one parent based upon the adjudication of another parent. See also, *In re S. Kanjia*, ___Mich App ___; __NW2d ___ (2014).

In this case, jurisdiction was assumed over the children pursuant to the mother's admissions to the allegations in the petition. Respondent was never adjudicated unfit. In light of our Supreme Court's recent decision that it is an unconstitutional deprivation of a parent's fundamental rights under the Fourteenth Amendment of the United States Constitution for the trial court to enter dispositional orders affecting the rights of a parent without first finding the parent unfit in a separate adjudicative proceeding which determined the trial court's jurisdiction of the child with respect to *that* parent's actions or inactions under MCL 712A.2(b), the Court orders that the trial court's order terminating respondent's parental rights with respect to the

minor children is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

Reversed.

/s/ Kathleen Jansen
/s/ Michael J. Talbot
/s/ Deborah A. Servitto