# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DEMELLO, Minors.

UNPUBLISHED
December 22, 2015

No. 326756
Eaton Circuit Court
Family Division
LC No. 14-019031-NA

Before: GADOLA, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Respondent appeals as of right an order terminating her parental rights to the minor children pursuant to MCL 712A.19b(3)(g) and (j). We reverse.

Respondent is the mother of three minor children. Respondent and the children's father were married when the father left the children and respondent, leading to a divorce. A few years later, in 2005, respondent left the children with the children's maternal grandparents, who are the petitioners in this matter. Respondent left the state, but remained in contact with the children and petitioners. In 2007, respondent and the children's father agreed to amend their divorce judgment to provide petitioners with sole legal and physical custody of the children. The children remained with petitioners, and respondent continued to visit the children and contact them via telephone, although she provided no financial support. Petitioners subsequently filed a petition to initiate child protective proceedings, and the trial court terminated respondent's parental rights. Respondent appeals.

Respondent argues that the court clearly erred in finding that sufficient evidence existed for the court to exercise jurisdiction over the minor children pursuant to MCL 712A.2. We agree.

"To properly exercise jurisdiction, the trial court must find that a statutory basis for jurisdiction exists." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). Jurisdiction must be established by a preponderance of the evidence. MCR 3.972(C)(1); *In re BZ*, 264 Mich App at 295. "We review the trial court's decision to exercise jurisdiction for clear error in light of the court's findings of fact." *In re BZ*, 264 Mich App at 295. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. at 296-297.

-1-

"In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). "Generally, a court determines whether it can take jurisdiction over the child in the first place during the adjudicative phase." *Id*. A court may take jurisdiction over a child only if "at least one statutory ground for jurisdiction contained in MCL 712A.2(b)" is proven at an adjudicative trial or following a plea to the allegations in the jurisdictional petition. *In re SLH*, 277 Mich App at 669.

Following an adjudication hearing, the court took jurisdiction pursuant to MCL 712A.2(b)(1), which provides:

> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:

> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.

The court found that, while respondent maintained contact with the children, she failed to provide proper support. The court referenced, specifically, respondent's untreated mental health issues, her refusal to seek public benefits, and her inability to maintain employment. In addition, the court found that respondent abandoned the children by not voluntarily relinquishing custody to petitioners.

Respondent relies on *In re Nelson*, 190 Mich App 237, 241; 475 NW2d 448 (1991), to support her argument. In *Nelson*, the respondent left the minor child in the care of her mother, the petitioner. *Id*. at 238. No legal arrangement was made between the parties. *Id*. The respondent provided no financial support for the child, but remained in contact with the petitioner and the child. *Id*. Several years after the respondent left the child, the petitioner initiated termination proceedings, and the trial court held that it had jurisdiction pursuant to MCL 712A.2(b). *Id*. at 238-239. The *Nelson* Court reversed, holding that "the placement by a parent of a child in a relative's home where the child receives adequate care does not render the child to be without custody or guardianship for the purposes of [MCL 712A.2(b)(1)]." *In re Nelson*, 190 Mich App 237, 241; 475 NW2d 448 (1991), citing *In re Ward*, 104 Mich App 354; 304 NW2d 844 (1981) and *In re Curry*, 113 Mich App 821; 318 NW2d 567 (1982).

We agree with respondent that *Nelson* directly applies to this case. Respondent left her children with petitioners, thus providing proper care and custody. Initially, she left the children without providing petitioners' legal authority over the children. However, that fact is not dispositive. "Some parents . . . entrust the care of their children for extended periods of time to others. This they may do without interference by the state so long as the child is adequately cared for." *In re Ward*, 104 Mich App at 359 (citation omitted). Further, respondent eventually agreed to give petitioners sole legal and physical custody. At the adjudication hearing, the children's maternal grandfather testified that respondent did not consent to the custody change.

-2-

However, his later testimony, along with respondent's testimony, made clear that respondent signed paperwork relinquishing custody to petitioners. Moreover, it cannot be said that respondent had "little interest" in the children after leaving them with petitioners, *In re BZ*, 264 Mich App at 295, as all parties agreed that respondent continued to have a close relationship with the children by calling them on the telephone and visiting Michigan.

Thus, we agree with respondent that the trial court trial court clearly erred in determining that there was a preponderance of the evidence supporting jurisdiction in this matter. While there were concerns about respondent's ability to personally provide for her children, she did not leave her children without proper care and custody pursuant to MCL 712A.2(b)(1). Consequently, the court was without jurisdiction to proceed with the termination of respondent's parental rights. Based on our disposition, it is unnecessary to address respondent's remaining issues.

Reversed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood