# STATE OF MICHIGAN

# COURT OF APPEALS

In re HARRIS, Minors.

UNPUBLISHED
November 20, 2018

Nos. 343227
Wayne Circuit Court
Family Division
LC No. 15-519052-NA

In re HARRIS, Minors.

No. 343228
Wayne Circuit Court
Family Division
LC No. 15-519052-NA

Before: MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

In these consolidated appeals, respondent-mother and respondent-father appeal as of right the trial court's order terminating their parental rights to several minor children pursuant to MCL 712A.19b(3)(c)(*i*) and (g). We affirm.

Respondents' four older children were previously adjudicated temporary court wards in 2015 because of respondent-mother's substance abuse. Three of these children had tested positive for exposure to marijuana or cocaine at birth. Respondent-mother and respondent-father were provided with services. Eventually, the court ordered the children into the custody of respondent-father only and terminated its jurisdiction over the children. Thereafter, in 2016, respondents' fifth child, REH, tested positive for exposure to marijuana and cocaine at birth. Petitioner again petitioned for jurisdiction, over all five children. Following a bench trial, the court exercised jurisdiction over REH; its adjudication encompassed both respondent-mother and respondent-father as respondents. The court did not exercise jurisdiction over the four older children and allowed them to remain in respondent-father's custody. Respondents were ordered to comply with a treatment plan with respect to REH.

Respondent-mother did not make progress with her treatment-plan requirements. In 2017, petitioner filed a petition for jurisdiction over the four older children based on information that REH and the four older children were living full time with respondent-mother because of respondent-father's lack of a separate home. Following a bench trial, the trial court exercised

-1-

jurisdiction over the children, removed them, and ordered respondent-father to comply with a treatment plan. Respondent-father did not comply with parenting classes or drug screens. Respondent-mother completed an inpatient substance-abuse treatment program, but then tested positive for marijuana after her discharge. Petitioner filed a supplemental petition to terminate respondents' parental rights, which the trial court granted following a hearing.

## I. DOCKET NO. 343227 (RESPONDENT-MOTHER)

Respondent-mother argues that the trial court erred by finding that petitioner presented sufficient evidence to establish statutory bases for termination under MCL 712A.19b(3)(c)(*i*) and (g), and erred in finding that termination of her parental rights was in the children's best interests. In an action to terminate parental rights, the petitioner must prove by clear and convincing evidence that at least one statutory ground for termination in MCL 712A.19b(3) exists. MCR 3.977(A)(3) and (H)(3); *In re Trejo*, 462 Mich 341, 356; 612 NW2d 407 (2000), abrogated in part by statute on other grounds as stated in *In re Moss*, 301 Mich App 76; 836 NW2d 182 (2013). The trial court's decision is reviewed for clear error. MCR 3.977(K); *In re Trejo*, 462 Mich at 356. A finding is clearly erroneous when the reviewing court is left with the firm and definite conviction that a mistake was made. *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). "[T]his Court accords deference to the special opportunity of the trial court to judge the credibility of the witnesses." *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005); MCR 2.613(C). Once a statutory ground for termination is established, the trial court shall order termination of parental rights if it finds that termination is in the child's best interests. MCL 712A.19b(5). The trial court's best-interests decision is also reviewed for clear error. *In re Brown/Kindle/Muhammad*, 305 Mich App 623, 637; 853 NW2d 459 (2014).

The trial court terminated respondent-mother's parental rights pursuant to MCL 712A.19b(3)(c)(*i*) and (g), which permit termination under the following circumstances:

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

REH was adjudicated a temporary court ward because of respondent-mother's longstanding substance-abuse problem that she failed to rectify. REH was the fourth of respondent-mother's children to test positive for substance exposure at birth, and the third child

to test positive for exposure to cocaine. The children were released from the court's jurisdiction in the prior case not because respondent-mother had resolved her substance-abuse issues, but because the court understood that the children would be residing exclusively with respondent-father. When petitioner later learned that the children were residing with respondent-mother, it again sought jurisdiction over the children because respondent-mother's substance abuse presented a risk of harm. Respondent-mother did not resolve her substance-abuse problem. Even after receiving inpatient treatment, she tested positive for marijuana in one screen and refused to comply with other drug screens. Respondent-mother admitted at the termination hearing that she would test positive if tested that day. These circumstances establish that respondent-mother failed to rectify her substance-abuse problem, which was the primary condition that led to adjudication. In addition, considering the length of time that respondent-mother had been abusing substances and her unsuccessful efforts at treatment, there was no reasonable likelihood that she would resolve this problem within a reasonable time. These circumstances also demonstrate that respondent-mother failed to provide proper care and custody for the children and that she would remain unable to do so for the foreseeable future.

The evidence also supports the trial court's finding that termination of respondent-mother's parental rights was in the children's best interests. Respondent-mother argues that termination of her parental rights was not justified because the children were in placement with her mother. In *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012), this Court, quoting *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010), observed that a child's " 'placement with relatives weighs against termination[.]' " The trial court specifically addressed the children's placement with relatives in its best-interests findings. It found that respondents were "so far away from being in a --- in a place where they care for the children or be reunited with the children, that the relative placement factor is just simply outweighed by the children's need for protection and safety; by the need for permanency; and stability and finality." This determination is supported by the evidence of the longstanding nature of respondent-mother's substance-abuse problem and her continued abuse of substances, even after residential treatment. Respondent-mother's continued instability signaled that she would not be able to provide a safe and stable home in the foreseeable future.

Respondent-mother argues that petitioner, in seeking termination, improperly relied on evidence that she failed to participate in therapy and parenting classes during the period when she was receiving residential substance-abuse treatment. Respondent, in essence, argues that she *had* to miss certain treatment times because she was in inpatient care. However, respondent-mother received referrals for these types of services long before the filing of the supplemental petition for termination and had opportunities to participate in these services when she was *not* receiving inpatient treatment. Petitioner sought to terminate respondent-mother's parental rights, in part, because of a failure to consistently attend other services over a period of more than a year.

Respondent-mother argues that petitioner unfairly refused to take into account her inpatient substance-abuse treatment and the other programs she did complete during that treatment as satisfaction of her treatment-plan requirements. However, respondent-mother's resumed use of substances after treatment was evidence of her failure to benefit sufficiently from the inpatient substance program. Respondent-mother also delayed enrolling in an outpatient program to maintain sobriety following her inpatient treatment. In addition, with regard to the

classes respondent-mother completed with Mariner's Inn and the National Council on Alcoholism and Drug Dependence, the caseworker testified that if respondent-mother provided documentation of the content of these programs, she would have determined whether they were satisfactory. Respondent-mother failed to provide her caseworker with the requisite information.

Respondent-mother also argues that petitioner ignored her negative drug screens from the Don Bosco Center, but respondent-mother failed to provide petitioner with the results of these drug screens. Respondent-mother also appears to be arguing that petitioner had a foregone conclusion, early on, that respondent-mother's parental rights would be terminated, but the caseworker testified that she informed respondent-mother that a petition for termination had been filed, not that termination was definitely going to occur. At any rate, it was the court, not petitioner, which was to ultimately decide whether to terminate respondent-mother's parental rights.

Respondent-mother argues that services were inadequate because petitioner required her to complete services without accommodating her lack of transportation. Except in certain circumstances not applicable here, the Department of Health and Human Services (DHHS) must make reasonable efforts to reunite the family. MCL 712A.19a(2). "The adequacy of the petitioner's efforts to provide services may bear on whether there is sufficient evidence to terminate a parent's rights." *In re Rood*, 483 Mich 73, 89; 763 NW2d 587 (2009). However, a respondent also has a responsibility to participate in services offered by the petitioner. *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). Respondent-mother was required to rely on public transportation, and the adequacy of those services and petitioner's efforts to provide respondent-mother with bus tickets were addressed throughout the case. Ultimately, however, these concerns were not relevant to the principal issue in the case, which, as noted by the trial court, was respondent-mother's failure to benefit from substance-abuse treatment. The trial court did not terminate respondent-mother's parental rights because she did not attend a parenting class at an inaccessible location, but because she failed to resolve her substance-abuse problem, and her continued use of substances placed the children at risk of harm. Respondent-mother's assertion that petitioner thwarted her reunification efforts is without merit.

Moreover, respondent-mother's general complaint that petitioner sabotaged her rehabilitation in order to accomplish an agenda of permanently placing the four older children with respondent-mother's mother has no support in the record. Indeed, respondent-mother never made this allegation in the trial court. There is no basis for concluding that any of petitioner's workers had a personal motive or agenda to separate respondent-mother from her children.

## II. DOCKET NO. 343228 (RESPONDENT-FATHER)

### A. REASONABLE EFFORTS AT REUNIFICATION

Respondent-father initially argues that the trial court erred by finding that petitioner made reasonable efforts to reunify him with his children. He contends that he was not afforded sufficient time to complete his treatment plan. Respondent-father did not challenge the adequacy of the reunification services in the trial court, leaving this issue unpreserved. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). Unpreserved issues are reviewed for plain error affecting the party's substantial rights. *Id*. at 8-9.

At the time of the termination hearing, respondent-father had refused a drug screen. He would not enroll in a parenting class that met after his work because he was too tired to attend, and he did not adequately communicate with his caseworker to find an alternative. He had not visited his children for two months. Respondent-father was uncooperative with his caseworker and failed to provide sufficient proof of employment. A respondent has a responsibility to participate in services offered by the petitioner. *In re Frey*, 297 Mich App at 248. Respondent-father's complaint that he was not given enough time to complete his treatment plan is without merit because he had not even started. Respondent-father thus fails to establish any plain error.

## B. STATUTORY GROUNDS

Respondent-father next argues that the evidence did not support termination of his parental rights under MCL 712A.19b(3)(c)(*i*) and (g). We disagree.

Respondent stated that he lived with an aunt, but he did not verify this information for DHHS; the caseworker testified at the termination hearing that she just learned of this alleged living situation that day. He also did not cooperate with drug screening and admitted that he used marijuana. He did not offer adequate proof of his income. He failed to visit his children. Moreover, respondent-father's hostile and defeatist attitude toward services established that there was no reasonable expectation that he would be able to resolve his deficiencies within a reasonable time. The trial court did not clearly err by finding that termination was justified under § 19b(3)(g).

Respondent-father argues that termination was premature under § 19b(3)(c)(*i*) with respect to the four oldest children because fewer than 182 days had elapsed between the date the initial dispositional order was entered and the date the supplemental petition was *filed*. MCL 712A.19b(3)(c)(*i*) authorizes termination of parental rights, in relevant part, if "[t]he parent was a respondent in a proceeding brought under this chapter, *182 or more days have elapsed since the issuance of an initial dispositional order*, and the court, by clear and convincing evidence, finds . . . [t]he conditions that led to the adjudication continue to exist . . . ." (Emphasis added.) The initial dispositional order for the four older children was entered on June 30, 2017, and the supplemental petition to terminate respondent-father's parental rights was *filed* 151 days later, on November 28, 2017. However, the period between the initial dispositional order and the date of the actual termination order in February 2018 was over 200 days. The trial court does not "find[]" by clear and convincing evidence that conditions continue to exist, see MCL 712A.19b(3)(c)(*i*), until it actually terminates parental rights. Accordingly, respondent-father's argument about timing is without merit.

Respondent-father's children were removed from his care because he failed to provide them with a safe home separate from respondent-mother, where they were exposed to substance abuse. Respondent-father provided only unverified information regarding his home with his aunt, while at the same time refusing to regularly visit the children or otherwise participate in services. The evidence supported termination of respondent-father's parental rights under § 19b(3)(c)(*i*).

## C. BEST INTERESTS

Respondent-father also argues that termination of his parental rights was not in the children's best interests. We again disagree. Although respondent-father correctly asserts that there was no evidence that he harmed the children, or even that the children suffered harm while in his custody, petitioner established that respondent-father had returned to the pre-2015 "status quo" in which the children lived full time with respondent-mother. The children had originally been released to respondent-father's custody because respondent-father, but not respondent-mother, had satisfied the requirements of the treatment plan. By 2017, however, respondent-father had brought them to live with respondent-mother, despite knowing that her continued drug use compromised her ability to care for the children. Respondent-father did not establish a verified, safe home apart from respondent-mother. He failed to make efforts to resume custody of the children, displayed a hostile attitude toward the workers, and maintained an apathetic attitude about rehabilitative services. He did not make the children a priority and, at the time of the termination hearing, he had not visited his children for two months. In view of these circumstances, the trial court did not clearly err by finding that termination of respondent-father's parental rights was in the children's best interests.

## D. JURISDICTION

Respondent-father also argues that the trial court erred by finding that petitioner presented sufficient evidence to establish a statutory basis for jurisdiction over the children. This issue is not properly before this Court. A respondent in a child-protective proceeding cannot collaterally attack the trial court's exercise of jurisdiction in an appeal from a later order terminating the respondent's parental rights, *In re Hatcher*, 443 Mich 426, 444; 505 NW2d 834 (1993); *In re Bechard*, 211 Mich App 155, 159-160; 535 NW2d 220 (1995), but this is precisely what respondent-father is attempting to do. There is no basis for reversal.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter

-6-